Regis **ROTHLEIN**, Robert **Rectenwald**, Anthony J. Zoelle, Robert McLaughlin, Robert Safron and Leo Heckman, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**ARMOUR AND COMPANY, Defendant.**

Civ. A. No. 66–362.

United States District Court
W. D. Pennsylvania.

June 9, 1967.

McArdle & McLaughlin, Pittsburgh, Pa., for plaintiffs.

John G. Wayman, Scott F. Zimmerman, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

WEBER, District Judge.

This case involves a claim by certain employees against their employer to enforce claims arising out of their collective bargaining agreement, under the provisions of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Originally, plaintiffs had not availed themselves of the grievance procedure in their contract, and on Defendant's Motion for Summary Judgment, the court ordered all proceedings stayed to allow plaintiffs to pursue the grievance procedure. Plaintiffs later moved to terminate the stay alleging they had utilized all steps of the grievance procedure and these had been unavailing. Defendant then presented an Amended Motion for Summary Judgment on the grounds that the decision in the third step of the grievance procedure was final.

The question for determination here is whether any substantial issue of fact remains. The case involves the interpretation of a written collective bargaining agreement. There is no dispute that the three stages of the grievance procedure were followed and a timely appeal made from the determination of each prior stage. The question remains as to what is left after an adverse determination against plaintiffs in the third stage.

Examining the grievance procedure in the present contract we note that it is contained in Section 14.1 (a), (b) and (c) of Article XIV of the Contract. Section 14.1 is a "no strike" clause which provides:

"14.1 Should differences arise between the Company and the Union, or between the Company and employees, there shall be no strike, * * * on account of such dispute, until such matters have been processed through the grievance procedure provided below:"

It is noted that there is no provision in the contract providing for binding arbitration on any dispute. In other words, the Union has preserved its right to strike after the three stages have been exhausted.

Defendant claims that in leaving the grievance procedure open, without a pro-

vision for binding arbitration, it was the intention of the parties that disputed matters were thereafter to be resolved by collective bargaining or by a strike notice.

A very similar factual situation was before the Court of Appeals for the Fifth Circuit in Haynes v. United States Pipe and Foundry Company, 362 F.2d 414 (1966). The only factual difference is that the *Haynes* contract provided a specific fourth step, a strike notice from the Union within 14 days after Employer's plant manager's written decision is rendered. The contract which we are considering here prohibits any strike until after the three steps of the grievance procedure are taken. Nevertheless, the end result is the same:

> "We may assume *arguendo* that appellant has exhausted his contractual remedy. His claim was carried to the point where it would have been necessary for his union to notify the employer of its intention to strike in support of his claim. At this point, the decision denying him relief was 'final' under the terms of the collective bargaining agreement. Are the processes of the court now available to him for contesting or avoiding that final decision?" (p. 417)

> "The fact of the matter here is that the union processed appellant's grievance up to the point of striking. The denial of his claim then became final. We believe the law to be that his claim was thereby barred." (p. 418)

The *Haynes* case is the only authority from the Courts of Appeal on this question. As was stated in that case the Supreme Court has not dealt with precisely such a situation.

We, therefore, conclude that the terms of the contract are clear and unambiguous and that their clear intent is that the Union was not to be bound by compulsory arbitration and was free to strike in support of its grievances after having resorted to the three step grievance procedure.

Judgment for defendant.