**Karen MARGETTA, on behalf of herself and all others similarly situated, Plaintiff.**

v.

**PAM PAM CORPORATION, a corporation, et al., Defendants.**

**No. C-72-2057.**

United States District Court, N. D. California.

Feb. 7, 1973.

John Cameron Cook, San Francisco, Cal., for plaintiff.

Rubenstein & Hawkins, M. Armon Cooper, San Francisco, Cal., for defendant Pam Pam Corp.

Davis, Cowell & Bowe, Alan C. Davis, San Francisco, Cal., for defendants Unions.

## MEMORANDUM OF OPINION AND ORDER

RENFREW, District Judge.

Karen Margetta brought this action in two counts against her former employer, Pam Pam Corporation ("Pam Pam"), her former union, Waitresses' Cafeteria and Dairy Lunch Girls Workers Union, Local 48 ("Waitresses' Union"), Waiters & Dairy Lunch Men's Union Local No. 30 ("Waiters' Union"), and San Francisco Local Joint Executive Board of Culinary Workers, Bartenders and Hotel, Motel and Club Service Workers ("Joint Board"). In her first cause of action she charges Pam Pam with discharging her without sufficient cause in violation of a collective bargaining agreement and charges Waitresses' Union and Joint Board with breaching their statutory duty to fairly represent her in processing her grievance against Pam Pam through arbitration. Under this cause of action plaintiff seeks reinstatement and back pay from Pam Pam and $20,000 actual and $50,000 punitive damages from Pam Pam, Waitresses' Union and Joint Board. Under her second cause of action plaintiff seeks to maintain a class action against Joint Board, Waitresses' Union and Waiters' Union on behalf of all women who were, now are, or will later become members of the Waitresses' Union who have been denied equal employment opportunities and benefits and fair representation by reason of their sex. Here plaintiff seeks to enjoin defendant Unions from referring only males to work at certain dining facilities and only females to work at others. She asks for earnings lost to the class as a whole by reason of this discrimination and for her costs, including attorneys' fees. Jurisdiction is allegedly based on the National Labor Relations Act, as amended, 29 U.S.C. §§ 159(a) and 185(c).

▮ Pam Pam moved to dismiss the complaint under Rule 12(b)(6) because it failed to state a claim against Pam Pam upon which relief can be granted. Pam Pam is not named as a defendant under the second cause of action and accordingly it is to the first cause of action that this Court directs its attention. The issue raised by the motion is, in essence, whether following the processing of an employee's grievance through arbitration, an action can still be maintained against the employer, as well as against the union, where it is alleged that, in the arbitration proceeding, the union breached the duty of fair representation owed the employee. For the reasons set out herein, the Court holds that where, as here, there is no allegation that the employer has itself engaged in or acquiesced in a departure from or subversion of the arbitration process, or indeed that it even had knowledge of the alleged failure of the union to fairly represent the employee, no such action against the employer will lie. Under

these circumstances, the employee's sole remedy is an action against the union. Accordingly, defendant Pam Pam's motion to dismiss is granted.

Plaintiff Karen Margetta was employed as a waitress by defendant Pam Pam pursuant to the terms of the collective bargaining agreement between defendant Joint Board and the Golden Gate Restaurant Association, the bargaining agent for Pam Pam. Plaintiff was discharged from her job by Pam Pam on February 4, 1972. Grievance proceedings were undertaken on her behalf by defendant Joint Board culminating in an arbitration proceeding on May 1, 8 and 11, 1972. The decision of the arbitrator dated June 21, 1972, was adverse to plaintiff, and she brought this suit on November 9, 1972, seeking to attack that decision collaterally.

■■ Both Congressional policy and judicial opinion indicate clearly that arbitration, rather than resort to the courts, is the preferred method by which disputes arising under a collective bargaining agreement are to be resolved. In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the Supreme Court most clearly enunciated the judicial attitude toward the arbitration process when it stated at 596 that:

> "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements. The federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of the awards."

Accordingly, it is incumbent upon the courts to exercise great restraint when, as in the instant case, they are asked to take any action which would have the effect of overturning or setting aside an arbitration decision.

Plaintiff contends that this case is controlled by the decision of the United States Supreme Court in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). In that case the Supreme Court held that a cause of action would lie against both the employer and the union where it was alleged that the union had wrongfully refused to process an employee's grievance to arbitration. Plaintiff urges that the reasoning of that opinion requires that the Court here allow suit to be brought against the employer where it is alleged instead that while the grievance was processed through arbitration, the union did not adequately represent the employee's interest in that arbitration proceeding.

While this Court feels the reasoning of Vaca v. Sipes to be applicable in the present case, its application to the facts as alleged herein dictates a different result.[1] The vital difference between that case and the present case lies in the fact that here the grievance was processed through arbitration and there was a final decision by the arbitrator on the merits. This difference is crucial because of the importance of the arbitration process in our system of labor-management regulation. Once the process has been invoked, to allow judicial intervention to occur too frequently would, as the Court noted in United Steelworkers of America v. Enterprise Wheel & Car Corp., *supra*, undermine the process by depriving it of the finality for which all sides so highly regard it. Indeed, the great value of the process lies in its expeditious and final, yet informed, resolution of disputes arising under the collective bargaining agreement. Were that finality to be undermined by the courts, the consequences would be felt throughout the field of labor relations. As the Court in United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574 at 578, 80 S.Ct. 1347 at 1351, 4 L.Ed.2d

---

1. At the outset it should be noted that in Vaca v. Sipes the employee did not join the employer in the action against the union for its failure to fairly represent him and the other members of the class. Consequently anything said about the right of an employee to bring such a suit against an employer was dicta.

1409 (1960), so succinctly stated, "Here arbitration is the substitute for industrial strife."

Accordingly, this Court is of the view that where there is no allegation that the employer itself has engaged in or acquiesced in an undermining of the arbitration process, or indeed that it even knew of the union's departure from its duty of fair representation, there will not lie a cause of action against the employer.[2] This result does not mean, however, that the employee is left without a means of redress. Indeed, the absence of any redress was a significant factor underlying the Court's decision in Vaca v. Sipes. There the Court pointed out that "if the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted." 386 U. S. at 184, 87 S.Ct. at 914. It was in this context that the Court commented that where the employer "committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee[,] [t]o leave the employee remediless in such circumstances would, in our opinion, be a great injustice." 386 U.S. at 185–186, 87 S.Ct. at 914. It was to avoid such an injustice that the Court held that the employee had a cause of action against the union. After so holding, the Court then went on to say:

"Nor do we think that Congress intended to shield employers from the natural consequences of their breaches of bargaining agreements by wrongful union conduct in the enforcement of such agreements. Cf. Richardson v. Texas & N. O. R. Co., 242 F.2d 230, 235–236 (C.A. 5th Cir.).

"For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance.[11] " [authorities cited in footnote]

Plaintiff is correct in her contention that the Court stated (although in dicta) that the employer would be liable where the grievance procedure had not gone to arbitration. That a different result would obtain had the grievance been arbitrated is abundantly clear when each of the cases cited by the Court is analyzed. Thus, in Richardson v. Texas, the gravamen of the complaint was that the railroad and the union entered into a collective bargaining agreement which was discriminatory against blacks. There the acts complained of were the direct acts of the employer as well as those of the union. As to the cases cited in footnote 11 of Vaca v. Sipes, in each case there was either an allegation of a conspiracy between the employer and the union which would invalidate the arbitrator's decision or the case had not proceeded through the grievance procedure to arbitration. Thus, in Hiller v. Liquor Salesmen's Union, 338 F.2d 778 (C.A. 2d Cir.), the complaint alleged a conspiracy between employer and the union to deprive employee of his rights. In Bieski v. Eastern Automobile Forwarding Co., 231 F.Supp. 710 (D.C.) affirmed, 354 F.2d 414 (C.A. 3d Cir.), the complaint alleged a conspiracy between employers and union to deprive employee of his seniority rights. In each of the other cases cited, Hardcastle v. Western Greyhound Lines, 303 F.2d 182 (C.A. 9th Cir.), cert. denied, 371 U.S. 920, 83 S.Ct. 288, 9 L.Ed.2d 229; Fiore v. Associated Transport, Inc., 255 F.Supp. 596 (D.C.); Ostrofsky v. United Steelwork-

---

2. The only reported case which has dealt with this precise issue, Hill v. Aro Corporation, 275 F.Supp. 482 (N.D.Ohio 1967), also holds, without discussion, that there is no actionable claim against the employer.

ers, 171 F.Supp. 782 (D.C.), affirmed per curiam, 273 F.2d 614 (C.A. 4th Cir.), cert. denied, 363 U.S. 849, 80 S.Ct. 1628, 4 L.Ed.2d 1732; and Jenkins v. Wm. Schluderberg-T. J. Kurdle Co., 217 Md. 556, 144 A.2d 88, the matter had not proceeded to arbitration.

This Court is of the view that where the court is asked to set aside the arbitration process itself to allow suit to be brought against the employer, and where the employee has other remedies available to him, the policy of Congress in enacting the existing body of labor legislation requires that the court not set aside the arbitration process, but rather compel the employee to go directly against the union which is alleged to have breached the duty of fair representation owed the employee.

It is hereby ordered that defendant Pam Pam Corporation's motion to dismiss the complaint as to it is granted.