**Dean M. ANDRUS et al., Appellants,**

v.

**CONVOY COMPANY et al., Appellees.**

**No. 71–1392.**

United States Court of Appeals,
Ninth Circuit.

Argued March 15, 1973.

Decided June 22, 1973.

---

1. 29 C.F.R. § 1.7 (b) (1); 37 Fed.Reg. 21, 139, October 5, 1972.

Richard W. Herz (argued), of Thorne, Clopton, Herz & Stanek, San Jose, Cal., for appellants.

David G. Finkle (argued), of O'Melveny & Myers, Los Angeles, Cal., for appellees.

Before HUFSTEDLER and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

## OPINION

HUFSTEDLER, Circuit Judge:

Appellants, who are union members, sued their present employer Hadley Auto Transportation Corporation ("Hadley") and their former employer Convoy Company ("Convoy"), seeking unsuccessfully to overturn an arbitrators' decision that rejected their seniority grievances presented to the arbitrators by their unions. The employees did not challenge the fairness or adequacy of the unions' representation in the grievance procedure, nor did they impugn the integrity of the arbitration process. We affirm the judgment holding that the employees are bound by the arbitrators' decision, and they cannot maintain this action.

Each appellant belonged to one of three locals: International Association of Machinists & Aero-Space Workers, AFL-CIO, District Lodge 93; Local 287, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America; and Local 576, Teamsters Automotive Workers Union. Convoy and Hadley were members of a multiemployer, multiunion collective bargaining unit. The companies and the locals to which appellants belonged were parties to the same collective bargaining agreement and supplements. Hadley and Convoy were engaged in transporting new Ford automobiles from the Ford Motor Company plant in Milpitas, California. Ford decided to employ Hadley as its sole carrier in the fall of 1966. Convoy's employees were told in March 1967 that Convoy was terminated and that they could apply for jobs with Hadley, but, if they were hired, their seniority would date from their new employment without carryover from the Convoy employment.

 Local 287 filed grievances on behalf of their members, including appellant-employees who belonged to Local 287, claiming that their contractual rights were violated when Hadley refused to recognize their accumulated seniority. Lodge 93 and Local 576 did not file independent grievances, but the parties stipulated that they would be bound by the resolution of Local 287's grievances. All the grievances were based on the "successor" and "absorption" clauses of two Articles in the National Master Agreement.[1] Under Article 7 of that

---

* Reno, Nevada, sitting by designation.

1. Article 1, Section 3:

"This Agreement shall be binding upon the parties hereto, their successors, . . . ."

Agreement, the grievances were referred to the National Automobile Transporters Joint Arbitration Committee ("Committee"). After a full and fair hearing, the Committee decided that Convoy's employees had no seniority rights with Hadley arising from the successor or absorption clauses.[2] Appellants brought this action seeking declaratory relief and vacation of the award, contending that the Committee lacked jurisdiction to adjudicate the grievance, a theory spun primarily from Bieske v. Eastern Automobile Forwarding Co. (3rd Cir. 1968) 396 F.2d 32.

We reject any implication from *Bieske* that a fairly represented employee can attack an arbitration decision made in the context of collective bargaining by challenging the arbitrators' jurisdiction.[3] Judicial resort to such jurisdictional gambits has been firmly rejected by the Supreme Court. (Steelworkers v. Warrior & Gulf Co. (1960) 363 U.S. 574, 584–585, 80 S.Ct. 1347, 4 L.Ed.2d 1409; Steelworkers v. American Mfg. Co. (1960) 363 U.S. 564, 569, 80 S.Ct. 1343, 4 L.Ed.2d 1403; cf. Vaca v. Sipes (1967) 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842; Humphrey v. Moore (1964) 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370.)

We agree with the Fifth Circuit that the employees cannot attack the final award, "except on the grounds of fraud, deceit or breach of the duty of fair representation or unless the grievance procedure was a 'sham, substantially inadequate or substantially unavailable.'" (Harris v. Chemical Leaman Tank Lines, Inc. (5th Cir. 1971) 437 F.2d 167, 171; cf. Acuff v. United Papermakers & Paperworkers (5th Cir. 1968) 404 F.2d 169.)

None of the exceptional circumstances existed here.

Affirmed.

---

Article 5, Section 2:

"In the event that the Employer absorbs the business of another private, contract or common carrier, or is a party to a merger of lines, the seniority of the employees absorbed or affected thereby shall be determined by mutual agreement between the Employer and the Unions involved. Any controversy with respect to such matters shall be submitted to the Joint Grievance Procedure. (Article 7)."

2. "FINDINGS OF FACTS:

1. Hadley Auto Transport has not purchased and does not intend to purchase any operating authority from Convoy Company.

2. Hadley Auto Transport has not purchased the corporate entity of and/or has not entered into a legal merger or consolidation with Convoy Company.

3. Hadley Auto Transport did purchase various numbers of motor vehicles and trailers and office and shop supplies and equipment from Convoy Company.

4. Hadley Auto Transport is presently transporting traffic which was formerly transported by Convoy Company from Milpitas, California tendered to them by Ford Motor Company.

5. The facts presented did not indicate a subtrafuge [*sic*] by Hadley Auto and/or Convoy Company and/or any third party.

DECISION: Based upon the above findings of facts, the employees of Convoy Company have no seniority rights with Hadley Auto Transport arising from Article 1, Section 3, or Article 5, Section 2, of the National Master Automobile Transporters Agreement or Article 30 of the Western Conference Area Supplemental Agreement. Therefore, in event former Convoy Company employees are employed by Hadley Auto Transport, their seniority date shall be their date of hire with Hadley Auto Transport. The Committee strongly recommends that Hadley Auto Transport employ the former employees of Convoy Company, in event it has need of additional employees."

3. This case does not involve a decision by the Committee that it was without power to hear the complaint, as the employees have suggested. Rather, the decision of the Committee reaches the merits of the ultimate rights claimed:

"Therefore, . . . their seniority date shall be their date of hire with Hadley Auto Transport." (*See* note 2 *supra.*)