Karen **MARGETTA**, Appellant,

v.

**PAM PAM CORPORATION**, Appellee.

No. 73–1720.

United States Court of Appeals,
Ninth Circuit.

July 25, 1974.

John C. Cook (argued), San Francisco, Cal., for appellant.

M. Armon Cooper (argued), Rubenstein & Hawkins, San Francisco, Cal., for appellee.

Before KILKENNY and WALLACE, Circuit Judges, and SOLOMON, District Judge.*

PER CURIAM:

Upon being discharged from her job by Pam Pam, appellant filed a grievance against her union,[1] claiming that the discharge was without sufficient cause

* The Honorable Gus J. Solomon, Senior District Judge, United States District Court for the District of Oregon, sitting by designation.

1. Waitresses, Cafeteria and Dairy Lunch Girls Workers Union, Local 48, San Francisco Local Joint Executive Board of Culinary Workers, Bartenders and Hotel, Motel and Club Service Workers.

and in violation of the Collective Bargaining Agreement between the union and Golden Gate Restaurant Association, of which Pam Pam is a member. Pursuant to the terms of the Agreement, the grievance was submitted to arbitration. After a hearing, the arbitrator made a final award against appellant.

Utilizing the provisions of § 301 of the Labor Management Relations Act [29 U.S.C. § 185], appellant filed a complaint alleging Pam Pam had wrongfully discharged her and that the unions had breached their duty to " . . . properly and adequately represent plaintiff and acted in bad faith and with dishonesty of purpose in presenting plaintiff's case to the . . . arbitrator . . . " and that in so doing, the unions " . . . violated their statutory duty to fairly represent plaintiff." She charged that as a direct result of the unions' " . . . arbitrary, discriminatory and perfunctory representation, plaintiff lost the arbitration case."

Relying upon the arbitrator's final decision, Pam Pam moved to dismiss for failure to state a claim. The district court granted the motion. Margetta v. Pam Pam Corp., 354 F.Supp. 158 (N.D. Cal.1973). Hence, this appeal.

■■ We have said that an employee may not attack a final arbitration decision, " . . . except on the grounds of fraud, deceit *or breach of the duty of fair representation* unless the grievance was a 'sham, substantially inadequate or substantially unavailable.'" Andrus v. Convoy Co., 480 F.2d 604, 606 (CA9 1973) [Emphasis supplied], quoting from Harris v. Chemical Leaman Tank

Lines, Inc., 437 F.2d 167, 171 (CA5 1971). Without doubt, the circumstances outlined in appellant's complaint fall within these narrowly drawn exceptions. Consequently, the district court had jurisdiction to review the merits of the wrongful discharge claim. Steinman v. Spector Freight System, Inc., 441 F. 2d 599, 603 (CA2 1971).

Although Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), involved a state court action against the union alone, rather than a § 301 action against the union and the employer, and even though the arbitration there involved was not prosecuted to a final award, nonetheless, Justice White's in-depth discussion of an employee's rights, in circumstances such as these, must be given persuasive consideration.[2] To us, it makes little difference whether the union subverts the arbitration process by refusing to proceed as in *Vaca* or follows the arbitration trail to the end, but in so doing subverts the arbitration process by failing to fairly represent the employee. In neither case, does the employee receive fair representation. The grievance procedure is nothing less than a "sham".

A similar problem was involved in Humphrey v. Moore, 375 U.S. 335, 84 S. Ct. 363, 11 L.Ed.2d 370 (1964). While there may be a distinction between an award issued by a joint committee as in Humphrey and one issued by an arbitrator, the distinction is far less than fundamental. In each situation, the union has complete control of the employee's grievance and in either can effectively control the outcome of the proceedings through its action or lack of action. *In*

2. * * * *
"We cannot believe that Congress, in conferring upon employers and unions the power to establish exclusive grievance procedures, intended to confer upon unions such unlimited discretion to deprive injured employees of all remedies for breach of contract. Nor do we think that Congress intended to shield employers from the natural consequences of their breaches of bargaining agreements by wrongful union conduct in the enforcement of such agreements.

"For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." [386 U.S. at 186, 87 S.Ct. at 914].

*accord,* see parts II and III, Beriault et al. v. Local 40, Super Cargoes & Checkers of the International Longshoremen's & Warehousemen's Union, et al., 501 F. 2d 258 [CA9 1974].

The fundamental teaching of *Vaca* is that somewhere along the judicial trail, the employee is entitled to a fair hearing on her grievance and, if wrongfully discharged, a judgment for adequate compensation or other relief. To suggest that she may sue her union is no answer. Relief against the union would not restore her job with Pam Pam. As indicated in *Vaca,* in these circumstances, adequate relief may be obtained only by joining the union and the employer.

The judgment of the district court is vacated and the cause remanded for trial on the merits.