**Juanita HANSEL, Appellant,**

**v.**

**PARKER SEAL COMPANY et al.,**
**Appellees.**

Court of Appeals of Kentucky.

Sept. 13, 1974.

Rehearing Denied Nov. 15, 1974.

E. R. Denney, Julius E. Rather, Lexington, for appellant.

Robert F. Houlihan, Bennett Clark, Lexington, Morris B. Floyd, Richmond, for appellees.

STEINFELD, Justice.

Appellant Juanita Hansel sued her employer, Parker Seal Company, and her union, Local No. 70 International Brotherhood of Firemen and Oilers, both appellees herein, to recover damages and for employment reinstatement. 29 U.S.C. Sec. 185(a). The trial court, acting on motions of the union and Parker for summary judgment, dismissed Juanita's claims, from which judgment she appeals.[1] We affirm in part and reverse in part.

Juanita was discharged by Parker on January 27, 1971, because it concluded that she had been drinking intoxicating liquor while at her employment. Juanita admitted in her deposition that because of a throat operation she experienced coughing problems and to alleviate the coughing her doctor had recommended that she take a medication containing codeine and 40% alcohol. She testified that the doctor did not prescribe the dosage or the frequency when the medicine should be taken, and she admitted that she always carried the medicine with her, kept it close by while she was working, and took it as needed.

Parker and the union had entered into a collective bargaining agreement which contained a multistep procedure for the handling of grievances. Pursuant to that agreement, Juanita filed a grievance over her employment termination, which grievance was processed in the manner provided for in the agreement, including mediation (29 U.S.C. Sec. 173(a)), but Parker refused to follow the *recommendation* of the mediator that she be reinstated. The union considered calling for a strike vote, but none was called after Juanita followed the union's recommendation not to request a strike vote. Incorporated in the agreement are various steps for resolving grievances, but they do not include requesting a strike vote or calling for a strike. The agreement prohibits a strike unless and until all of the steps of the grievance procedure have been taken.

■ The basis of Juanita's claim against the union was that it failed to properly represent her. The trial court found, and we agree, that there was no evidence indicating that the union acted in bad faith in any particular or did not fulfill its obligation.

Juanita contends that, having been discharged without cause and having successfully passed through all of the stages of the grievance procedures provided for in the agreement, she had a cause of action against the union and her employer. She notes that the trial court based its decision to dismiss as to the union on the premise that she was required to demand that the union call for a strike vote, which she says was not a requirement either by contract or by law. The union responds that there was no mandatory duty on it to seek a strike vote, that Juanita did not request a strike vote, and that she admitted in her deposition that she had advised the union of her desire to avoid a strike so as not to cause hardship on the other employees. We find no error in the trial court's dismissal of Juanita's claim against the union. Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Dill v. Greyhound Corporation, 435 F.2d 231 (CCA 6, 1970), cert. denied 402 U.S. 952, 91 S.Ct. 1622, 29 L.Ed.2d 122 (1971).

■ On Juanita's claim against her employer for being discharged without just cause, the trial court, relying on Vaca v. Sipes, supra, held that "Since she has failed in her claim against the union, it necessarily follows that her claim against the company must fail." Parker urges us to follow this reasoning, but we decline to

1. Jurisdiction of the state court is not questioned. See Heltsley v. District No. 23, United Mine Workers of America, Ky., 477 S.W.2d 134 (1972), cert. denied 409 U.S. 877, 93 S.Ct. 128, 34 L.Ed.2d 130 (1972); and Ball v. Eastern Coal Corporation, Ky., 415 S.W.2d 620 (1967), cert. denied 389 U.S. 985, 88 S.Ct. 482, 19 L.Ed.2d 472 (1967).

do so even though dictum in the *Vaca* opinion may indicate the law to be to the contrary.[2] Juanita's claim against her employer was for a different alleged wrong from her claim against the union.

■ Parker also claims that Juanita has no standing to sue it because she did not exhaust the remedies set forth in the grievance provisions of the agreement. A portion of the agreement on which it relies provides:

"It is mutually agreed that the foregoing grievance procedure is hereby constituted as a method of handling all grievances and disputes arising out of this contract between the parties; that the Company and the Union and its members will use and adhere to said grievance procedure for the settlement of any and all grievances and disputes in connection with this contract; and that there shall be no lockouts, strikes, cessation of work, stoppages, slowdowns or interference with production for any reason until said grievance procedure has been complied with and adhered to."

Parker argues that "These provisions had the effect which was understood by the parties to mean that if a grievance was not settled to the satisfaction of the Union and the grievant after the intervention of the Federal Mediation and Conciliation Service, the Union was free to strike." These provisions appear to us to enjoin a strike until the parties to the complaint have followed the enumerated steps designed to resolve differences. We find no provision in the agreement that an employee must demand a strike vote or that the issue of striking must be submitted to the union membership as a prerequisite to an employee's claiming in court against his employer. If the parties understood that the employees were free to strike because a grievance was not satisfactorily resolved, as Parker claims, that understanding was not an impediment to court action by Juanita. The agreement contains no provision that the parties would submit to arbitration and they did not; consequently, the recommendation of the mediator was not a binding decision. 48 Am.Jur.2d, Labor and Labor Relations, Sec. 1399, p. 872. Haynes v. United States Pipe & Foundry Co., 362 F. 2d 414 (CCA 5, 1966), relied on by Parker is distinguishable. In *Haynes* the decision of the plant manager was final; therefore, it was held that the parties were " * * * relegated to the remedies which [were] provided in [the] agreement."

Parker relies on Rothlein v. Armour and Company, 268 F.Supp. 545 (WD Pa., 1967), in which claims were made by certain employees against their employer to enforce alleged rights arising out of their collective bargaining agreement. *Rothlein* was reversed on appeal. Rothlein v. Armour and Company, 391 F.2d 574 (CCA 3, 1968). These opinions are not of help to appellant. *Rothlein* does not hold that an employee may not sue her employer after she has exhausted the agreed grievance procedure and obtained from the mediator a recommendation favorable to her but unacceptable to her former employer.

Parker relies also on Brown v. Sterling Aluminum Products Corporation, 365 F.2d 651 (CCA 8, 1966), cert. denied 386 U.S. 957, 87 S.Ct. 1023, 18 L.Ed.2d 105 (1967), which we also find not in point. In *Brown* the court decided that the individual employees suing their employer were without standing to institute the action because " * * * the right sought to be enforced is not uniquely personal to the individual but is a right possessed by the bargaining unit as a whole * * *."

Parker cites such cases as Republic Steel Corporation v. Maddox, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), in which the collective bargaining agreement provided for an arbitration remedy which the employee had not pursued; therefore, it

---

2. See separate opinion of Mr. Justice Fortas, the dissenting opinion of Mr. Justice Black, and Margetta v. Pam Pam Corporation, 354 F.Supp. 158 (D.C.1973).

was held that resort to the courts was unavailable. The agreement we are considering provided for conciliation but not for arbitration, therefore the *Maddox* case is not helpful. The procedural steps, six in number, had been pursued by Juanita in accordance with the agreement and she had secured a hollow victory—the recommendation of the mediator that she be reinstated. Court procedure was then available to her for redress if she can establish that her discharge from employment was a breach of the "Contract of Employment." 48 Am.Jur.2d, Labor and Labor Relations, Sec. 1304, p. 807; 51A C.J.S. Labor Relations § 774, p. 1139.

The judgment is affirmed in part and reversed in part.

All concur.