944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Donald Christopher JONES, Plaintiff-Appellant,
v.
DEPARTMENT STORE EMPLOYEES UNION LCOAL 1100, R.H. Macy,
Inc., dba Macy's California, Inc., Macy's San
Francisco, Defendants-Appellees.
 
 No. 90-15010.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1991.
Decided Sept. 18, 1991.
 Before WALLACE, Chief Judge, and GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donald Christopher Jones appeals pro se the district court's dismissal of his petition to enforce an arbitration award against R.H. Macy, Inc. ("Macy's") and Department Store Employees Local 1100 (the "Union"). We affirm.
 
 FACTS AND PROCEEDINGS BELOW
 
 3
 Beginning in 1979, Macy's employed Jones as a salesperson at its San Francisco department store. Macy's salespersons were represented by the Union. In 1982, following three years of employment, Macy's terminated Jones from his position. After protesting this termination, the Union subsequently entered into arbitration on behalf of Jones. The collective bargaining agreement between the Union and Macy's requires that all disputes be resolved through the grievance process set out in the agreement and gives sole power to request arbitration to the parties to the collective bargaining agreement. Further, it provides that any decision made "as a result of arbitration, shall be accepted as final and binding."
 
 
 4
 At the close of arbitration, the arbitrator concluded that the store's termination of appellant was wrongful and directed that appellant be reinstated with all rights and benefits with the exception of back pay. On appellant's subsequent reinstatement, rather than being paid at his previous wage rate of Grade IIIB, he was paid at the lower wage rate of Grade I, but was given an added one percent commission on sales. In 1987, Jones left Macy's employ. He subsequently filed a grievance with the Union claiming that the wage rate paid him between his reinstatement and the subsequent termination of his employment was less than he was entitled to under the arbitration award's declaration that he be reinstated with all rights and benefits. Jones contended that pursuant to a letter agreement negotiated between Macy's and the Union during 1983, he was entitled to receive a 1% commission in addition to the previous wage rate received. Local 1100, after investigating his claim, notified appellant that it had determined not to pursue it because it believed Jones had received the proper rate of pay.
 
 
 5
 Jones subsequently filed suit in Superior Court of the State of California seeking to enforce the arbitration award and therefore recover the back pay allegedly due him. Appellees removed the suit to the United States District Court for the Northern District of California. In an order dated December 15, 1989, the district court dismissed Jones' action. The district court held that in order to maintain an action to enforce the arbitration award, section 301(a) of the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185(a), required Jones to show that the Union had breached its duty of fair representation.[1] Because the court found that appellant had demonstrated no such breach, it dismissed the action.
 
 STANDARD OF REVIEW
 
 6
 In the court below, both parties agreed that the district judge could resolve the issues presented based on documents filed with the court. The district judge was therefore empowered to resolve the case as if it were a bench trial, albeit without witnesses. Accordingly, we review the district court's rulings of law de novo. See Mayors v. Commissioner, 785 F.2d 757, 759 (9th Cir.1986). We review its findings of fact pursuant to the clearly erroneous standard. Id; Galindo v. Stoody Co., 793 F.2d 1502 (9th Cir.1986).
 
 DISCUSSION
 
 7
 Jones' claim is essentially one for enforcement of an arbitration award. His action raises three separate issues. First, whether it should properly be characterized as a section 301 suit. Second, whether, if the action is properly characterized as a section 301 suit, it falls into the category of such suits that may be brought only if the plaintiff can demonstrate that the union breached its duty of fair representation. Third, in the event the requirement of breach of the duty of fair representation applies, whether Jones has satisfied it. We discuss each issue in turn.
 
 
 8
 I. Applicability of Section 301 to this Action
 
 
 9
 Jones first contends that section 301 does not apply to this case because he was not a union member. Section 301, he correctly points out, governs only those claims that implicate labor-management relations or collective bargaining agreements. See 29 U.S.C. § 185(a). Because he was not a union member, Jones argues, he was not subject to the terms of the collective bargaining agreement and, accordingly, no collective bargaining agreement or labor management relations issue is implicated in this case.
 
 
 10
 In making this argument, appellant appears to misunderstand the nature of the relationship between a nonunion employee and the union representing the group of workers of which he or she is a part. Where the majority of workers elect a Union as their representative to bargain with the employer and administer the ensuing collective bargaining agreement, that union serves as the representative of all employees in the collective bargaining unit (which is defined simply on the basis of the employee's employment and position rather than on the basis of whether or not he or she has joined the union), not simply those employees who join the union. See Steele v. Louisville & Nashville R.R., 323 U.S. 192, 200 (1944); Wallace Corp. v. NLRB, 323 U.S. 248, 255-56 (1944). Moreover, whether or not an employee joins the union, as a member of the collective bargaining unit, he or she will be subject to the terms and conditions contained in the collective bargaining agreement. Accordingly, the case at bar does implicate subjects within section 301's purview; Jones cannot avoid its requirements on the basis of his nonunion status.
 
 
 11
 Jones next contends that section 301 does not govern because his suit is a simple state law claim to enforce an arbitration award. We find this characterization of the suit precluded, however, by the Supreme Court's broad interpretation of the preemptive effect of section 301(a). According to the Court, where the conduct at issue is "actually or arguably protected or prohibited by the NLRA ... state law and procedures are ordinarily preempted." Local 926, Int'l Union of Operating Eng'rs v. Jones, 460 U.S. 669, 676 (1983). Exceptions are proper only where the issue is only peripheral to concerns of the NLRA or is of deeply-rooted concern to the state. Id.
 
 
 12
 Here, Jones' suit to enforce the arbitration award was actionable under § 301. Cf. Hines v. Anchor Motor Freight, 424 U.S. 554, 562 (1976); Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 894-95 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988). Moreover, the issues presented are central to the concerns of the NLRA. The arbitration sought to be enforced was compelled by the terms of the collective bargaining agreement as the sole method of dispute resolution by those within the bargaining unit. The suit is therefore an attempt to force compliance with the terms of the collectively bargained grievance procedure. Accordingly, the subject of appellant's claim owes its existence not to the workings of state contract or arbitration law, but rather to the workings of the complex regulatory scheme embodied in the NLRA. Appellant's state law claims are therefore preempted by section 301.
 
 
 13
 II. Applicability of Breach of Duty of Fair Representation Requirement
 
 
 14
 Having determined that this suit is governed by section 301(a), we must next consider whether it should be characterized as (1) a "straightforward" section 301 claim, which Jones can assert directly in his capacity as an individual employee harmed by Macy's breach of the collective bargaining agreement, see Smith v. Evening News Ass'n, 371 U.S. 195 (1962); or (2) a "hybrid section 301/fair representation claim, which he can only assert individually if he demonstrates that his union breached its duty of fair representation in failing to prosecute his claim. See Vaca v. Sipes, 386 U.S. 171 (1967); Hines v. Anchor Motor Freight, Inc., 424 U.S. 554 (1976); Margetta v. Pam Pam Corp., 501 F.2d 179 (9th Cir.1974).
 
 
 15
 While in limited instances an individual may press an action directly against an employer under § 301 without demonstrating breach of the duty of fair representation, this is not such a case. The Supreme Court has counseled that where, as here, the collective bargaining agreement specifies an exclusive grievance procedure in which the union functions as the individual's representative, the benefits to the process of collective bargaining of allowing the union to represent employees in processing grievances outweigh the interest in allowing individuals individually to assert their claims. See Vaca v. Sipes, 396 U.S. at 191-92. We have previously held that this rule bars challenge of a final arbitration decision by an individual employee absent breach of the duty of fair representation, see Andrus v. Convoy Co., 480 F.2d 604 (9th Cir.), cert. denied, 414 U.S. 989 (1973); Margetta v. Pam Pam Corp., 501 F.2d at 179. This same rationale bars an individual's suit to confirm such an award.
 
 
 16
 III. Adequacy of Evidence that the Union Breached Its Duty of Fair Representation
 
 
 17
 Finally, we turn to the question of whether the district court correctly determined that Jones failed to demonstrate that the Union had breached its duty of fair representation. Jones' burden in demonstrating such a breach is heavy. As recently stated by this circuit, where the challenged action involves the union's judgment, "the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith. Arbitrariness alone would not be enough." Moore v. Bechtel Power Corp., 840 F.2d 634, 636 (9th Cir.1988).
 
 
 18
 A union will not be deemed to have acted discriminatorily or in bad faith "simply because of an error in evaluation the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing." Salinas v. Milne Truck Lines, 846 F.2d 568, 569 (9th Cir.1988) (quoting Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986)). Thus, in Salinas, we held that the plaintiff could not demonstrate that the union breached its duty of fair representation merely by establishing that an argument was not raised by the union in the plaintiff's defense. We stated, "[t]he union may have overlooked [this argument] entirely, or the union may have found [this argument] meritorious but failed to present [it].... Regardless, ... any arbitrariness by the union would not breach the duty of fair representation." Salinas, 846 F.2d at 569.
 
 
 19
 In this case, the district court's determination that Jones failed to establish a breach of the duty of fair representation was not in error. Appellant proffered no evidence that the Union acted in bad faith. While he proffered considerable evidence concerning the validity of his claim, as stated in Salinas, the simple proffer of evidence that the underlying claim sought to be presented is meritorious is insufficient to demonstrate bad faith. In the Supreme Court's words:
 
 
 20
 [i]f a union's decision that a particular grievance lacks sufficient merit to justify arbitration would constitute a breach of the duty of fair representation because a judge or jury later found the grievance to be meritorious, the union's incentive to settle such grievances short of arbitration would be seriously reduced.
 
 
 21
 Vaca v. Sipes, 386 U.S. at 192-93.
 
 
 22
 Our determination that Jones has demonstrated no breach of the duty of fair representation should not be interpreted as indicative of our views on the merits of Jones' underlying claim that he was underpaid. To the contrary, we find the evidence submitted by Jones on this issue raises troubling questions about the adequacy of the pay Jones received. Macy's contends that the letter agreement negotiated between it and the Union supports the reduction of Jones' wage rate from Grade IIIB to the lower Grade I wage rate, because, at the same time that his wage rate was reduced, Jones began to receive a 1% commission on all sales, which more than compensated for the drop in his wage rate. The letter agreement, however, appears to provide that, because Jones was hired before the date of the agreement, he was entitled to receive the 1% commission in addition to his previous wage rate. See January 19, 1983 letter from J. Mark Montobbio to Walter L. Johnson & Richard Williams at p 1 ("All current employees ... will effective February 1, 1983 be placed on a 1% commission basis. These employees will maintain their existing rate of pay...."). Nevertheless, in the absence of a demonstration that the Union breached its duty of fair representation by refusing to pursue the claim against Macy's, no matter how meritorious that claim may be, Jones may not individually proceed with this action.
 
 IV. Sanctions
 
 23
 Both Macy's and Jones seek sanctions in this action based on their contention that the opposition's arguments were frivolous. See Fed.R.App.P. 38. The Union does not join in Macy's request for sanctions. As no arguments on appeal wholly lacked merits, no sanctions are warranted in this case. See McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987).
 
 
 24
 The district court's judgment is AFFIRMED. Macy's and Jones' motions for sanctions are DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Ruled 36-3
 
 
 [1]
 Section 301(a) of the LMRA, provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties."