**Warren J. WEITZEL, Appellant,**

**v.**

**OIL CHEMICAL AND ATOMIC WORKERS INTERNATIONAL UNION, LOCAL 1–5; Victor Van Bourg; George C. Allen; Stewart Weinberg; Barry J. Williams; Michael B. Roger, individually and conducting business as a partnership in the practice of law, and DOES I through XX, inclusive, Appellees.**

No. 80–4074.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 16, 1981.

Decided Feb. 8, 1982.

Albert J. Klein, San Anselmo, Cal., argued, for appellant; Carl B. Shapiro, Shapiro Law Firm, San Anselmo, Cal., on brief.

Stewart Weinberg, San Francisco, Cal., J. Jay Schnack, Moore, Clifford, Wolfe, Larson & Trutner, Oakland, Cal., argued, for appellees; Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., on brief.

Before GOODWIN and REINHARDT, Circuit Judges, and VAN PELT,* District Judge.

GOODWIN, Circuit Judge.

Warren Weitzel appeals a summary judgment which terminated his action for damages against his union (for breach of duty of fair representation) and against the union's law firm (for legal malpractice).

Shell Oil Company fired Weitzel during a strike. His union referred him to a law firm retained by the union to represent its interests in administrative matters, including proceedings before the National Labor Relations Board. The law firm filed an unfair labor practice charge on Weitzel's behalf, and the NLRB general counsel then filed a complaint. At trial, Weitzel was represented by an attorney from the law firm and an attorney for the general counsel of the NLRB. The NLRB ordered Weitzel's reinstatement, and back pay proceedings ensued. Weitzel became critical of the law firm's services and complained to union officers, who took the position that Weitzel was demanding more services than he could reasonably expect under the retainer agreement and that if he wished more services he should obtain counsel at his own expense. Weitzel did not do so.

The NLRB determined that $10,000 was an appropriate back pay award. The law firm recommended that Weitzel accept that amount. Weitzel, however, contended that $10,000 was insufficient. The law firm then advised him of the appeal procedure if he sought to increase the award. Weitzel invoked his right to a back pay specification hearing before the NLRB. He apparently received notice of the hearing from the law firm. He was also notified by the NLRB that the law firm would represent him at the hearing. However, no attorney from the law firm appeared at the hearing, although counsel from the NLRB was present. The NLRB ruled against Weitzel, determining essentially that he was not entitled to any back pay. Subsequent appeals to the NLRB, Court of Appeals, and Supreme Court were unsuccessful.

The union made a good faith effort to secure competent representation for Weitzel. Weitzel produced no evidence to suggest that the union acted in an arbi-

* The Honorable Robert Van Pelt, Senior United States District Judge for the District of Nebraska, sitting by designation.

trary, discriminatory or bad faith fashion, and therefore he failed to state a claim for breach of duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). The district court correctly concluded that the facts could not support a finding of breach of duty and we affirm the summary judgment for the union.

As the district court correctly concluded, there is a triable issue of fact whether an attorney-client relationship existed between the law firm and Weitzel at the time of the back pay specification hearing. For the purpose of summary judgment, we must view the fragmentary facts in the light most favorable to Weitzel. *Securities & Exch. Com'n v. Murphy*, 626 F.2d 633, 640 (9th Cir. 1980). A trier of fact could find that an attorney-client relationship did exist, and that the law firm withdrew from the case without Weitzel's consent or knowledge, thereby breaching its duty to him. A trial is necessary to determine what these facts were.

The district court took the view that Weitzel could not prevail on his malpractice claim because he could not establish that he was injured by the law firm's failure to appear. Because Weitzel was represented at the hearing by counsel from the NLRB, the district court concluded that Weitzel had adequate counsel and that there was no causal connection between the failure of retained counsel to appear and Weitzel's lack of success in the back pay matter. Representation by a NLRB attorney is the usual procedure in hearings of this nature. The general counsel's office is the main actor in unfair labor practice proceedings, and appearances by retained counsel are not common. However, Weitzel was represented by the law firm in the unfair labor practice proceeding, and the evidence is sufficient to create a genuine issue of fact whether the law firm's conduct met professional standards and a genuine issue of fact on the causal connection question.

◼ Complainants who retain private counsel to participate in NLRB proceedings do so because they are not willing to settle for the ordinary skill and care exercised by the average NLRB attorney. Having bargained for private counsel's services, they are entitled to receive them. The failure to provide the additional expertise and competence, over and above the ordinary level of skill and care, if there was such a failure, may have deprived the complainant of the very services for which he bargained. The question then is whether that extra level of competence would have affected the outcome of the case. Thus, the standard in a malpractice suit should not be whether the NLRB attorney exercised ordinary skill and care, but whether the case could have been won had the combined skill and care of the NLRB attorney and the expert private attorney both been exercised.

The district court presumed that the NLRB attorney provided adequate representation, and noted that Weitzel had not alleged that the NLRB attorney had failed to exercise ordinary skill and care. Weitzel, however, did allege that the NLRB attorney was inexperienced, uninterested, and incompetent to represent him in this case, and that the NLRB attorney had stated to him that he had no back pay coming to him. This may or may not have been true, but that issue cannot be disposed of on a summary judgment motion.

◼ We conclude that summary judgment was inappropriate because genuine issues of fact remained in the case, both as to the breach of an attorney-client relationship and as to causal relationship of the breach, if any, to the plaintiff's alleged lack of success.

The district court did not reach a separate state law question whether Weitzel's legal malpractice claim was barred by the statute of limitations. On remand, a determination of this state law issue will be necessary before proceeding to the merits. We express no opinion upon the question when the injury, if any, occurred, or how the state courts would apply their statute of limitations in an action in the state courts. These questions were not reached by the district court, and, accordingly, need not be reached here.

The summary judgment in favor of the named defendants other than the Union is vacated. The summary judgment in favor of the Union and various defendants characterized as "Does I through XX inclusive" is affirmed.

Affirmed in part, vacated in part and remanded.