**John Richard GREGG, et al.,
Plaintiffs-Appellees,**

v.

**CHAUFFEURS, TEAMSTERS AND
HELPERS UNION LOCAL 150,
Defendant-Appellant.**

**No. 82-4250.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 13, 1983.

Decided Feb. 23, 1983.

Neil Bodine, Carol Livingston, Sacramento, Cal., for defendant-appellant.

Douglas Lewis, Roseville, Cal., for plaintiffs-appellees.

Before WRIGHT and CHOY, Circuit Judges, and REED, District Judge.[*]

EUGENE A. WRIGHT, Circuit Judge:

Appellees, four members of a local union, claimed that it breached its duty of fair representation when it withdrew from arbitration grievances against the employer seeking severance pay on behalf of the appellees. The district court agreed, finding that the union acted arbitrarily, and awarded damages against it in the amount that each appellee would have received as severance pay. In this appeal the union contends that it acted rationally and breached no duty to the appellees.

FACTS

In December 1973 American Bakeries Company (American) and Union Local 150 were parties to a collective bargaining agreement which covered American's employees, including the appellees. Under section 25 of the agreement, employees terminated "due to the closing of a plant or

---

[*] Of the District of Nevada.

depot and the discontinuance of its operations" were entitled to severance pay. However, if a layoff resulted from the operation of seniority rules, no severance pay was due.

In December 1973 American cut back its distribution operations in the Sacramento area, within the jurisdiction of the union. It closed three of its four depots and reduced the number of drivers at the fourth, the Iris depot.

Laid off members of the union demanded section 25 severance pay. American refused the demands, because it had not totally discontinued operations within the union's jurisdiction. It contended that the employees from the four depots, who were on a single seniority list, were laid off by operation of seniority rules, and had no right to severance pay.

The union filed grievances on behalf of all terminated employees, except one whose name it overlooked. On the morning of the arbitration hearing, it withdrew the grievances of employees who had been assigned to the Iris depot. Not until five months later, when the arbitrator awarded severance pay to the other employees, did the Iris employees learn of the withdrawal.

Appellees are four employees whose grievances were withdrawn by the union. Two had supervisory duties at depots which were closed, as well as at Iris. The third was replaced by a more senior employee from a closed depot. The fourth would have been laid off due to the cutback at Iris even if he competed for seniority against only other Iris employees.

ANALYSIS

 A union is not required to take every grievance of its members to arbitration. · *Vaca v. Sipes,* 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967). It breaches its duty of fair representation of its members only if its conduct toward them is "arbitrary, discriminatory, or in bad faith." *Id.* at 190, 87 S.Ct. at 916.

 A union's conduct is arbitrary if "without rational basis." *Robesky v. Qantas Empire Airways Ltd.,* 573 F.2d 1082,

1089 (9th Cir.1978). The union's reasons may be "simply too insubstantial" to justify its conduct. *Id.*

This union contends that its decision to withdraw appellees' grievances was a rational, tactical decision, based on its attorney's opinion that pursuing appellees' grievances weakened the other members' position before the arbitrator. Even if the decision was irrational, it contends, its reliance on the advice of a competent attorney insulates it from liability.

In determining whether the union's decision was arbitrary, the merits of the grievance and its importance to the employee are relevant to the sufficiency of the union's representation. *Robesky,* 573 F.2d at 1092. The more important and meritorious the grievance, the more substantial the reason must be to justify abandoning it.

 We conclude that the district court was correct in finding that the union's reasons for withdrawing these grievances were too insubstantial. Reasonable and legitimate arguments supported them. There was no reason to believe that the arbitrator could not sort out the merits of the several claims.

Furthermore, the union's decision was not carefully considered. Withdrawal of the grievances was suggested and accomplished on the same day. The district court found that the appellees' claims were not considered individually, although the factual and legal differences among them were significant. These factors buttress our conclusion that the union's decision was arbitrary.

The union's contention that its reliance on the advice of counsel satisfied its duty of fair representation is meritless. *Weitzel v. Oil Chemical & Atomic Workers International Union, Local 1–5,* 667 F.2d 785 (9th Cir.1982), cited as controlling by the Union, is inapposite. The court there held that the union's referral of a member to the union's retained attorney and subsequent refusal to interfere in the attorney-member relationship was not arbitrary. The only action taken by the union in *Weitzel* was the initial choice of a competent attorney and referral to him.

In contrast, here the union withdrew appellees' grievances, totally foreclosing arbitration of them. It contends that even if its action breached the duty of fair representation of its members, it is immune from liability because it relied on the advice of counsel.

Such a rule would virtually eliminate a remedy for arbitrary, discriminatory, or bad faith union action, as long as an attorney recommended such action. We are not persuaded that reliance on an attorney's advice should insulate the union from liability for its breach of its duty to represent its members fairly.

The district court's judgment is affirmed.