29 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cleophas WHITE, Plaintiff-Appellant,
v.
CONNELL OLDS-PONTIAC-GMC, et al., Defendants-Appellees.
 No. 93-16467.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided June 30, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cleophas White appeals pro se the district court's summary judgment in favor of Connell Olds-Pontiac-GMC ("Connell"); United Food & Commercial Workers Union Local 1179 ("the Union"); Bill Silva, the Union Representative; and Yates Kendrick, the Union Director; in White's action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. Sec. 185 et seq., alleging wrongful termination against Connell and breach of the duty of fair representation against the Union. We affirm in part, reverse in part, and remand.
 
 BACKGROUND
 
 3
 Connell hired White as an automobile salesman on April 20, 1991. While employed at Connell, White was a member of the Union. On or about August 23, 1991, White filed a grievance with the Union against Connell alleging, among other things, that Connell wrongfully discharged him for objecting to Connell's payment of commissions to "Truck Manager" Norman Baldanzi. White contended that payment of commissions to Baldanzi violated the prohibition in the governing collective bargaining agreement (the "CBA") against payment of commissions to certain managerial and supervisory employees.
 
 
 4
 The Union decided not to proceed with White's grievance on the ground that Baldanzi was a bargaining unit employee entitled to sell vehicles on commission under the CBA and that White's grievance was therefore without merit.
 
 
 5
 In his amended complaint, White alleged that Connell wrongfully terminated him for objecting to the payment of commissions to Baldanzi, and that the Union failed to represent him adequately in his grievance against Connell. The district court granted summary judgment for the defendants on the grounds that Connell's payment of commissions to Baldanzi (and others) did not violate the CBA, and that the Union did not breach its duty of representation because it elected not to pursue the grievance after properly concluding that Connell's payment of commissions to Baldanzi did not violate the CBA.
 
 DISCUSSION
 
 6
 We review the grant of summary judgment de novo, Jones v. Union Pac. R.R., 968 F.2d 937, 940 (9th Cir.1992). Summary judgment for the defendants is appropriate if they establish that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. The moving party bears the initial burden of showing that there are no genuine issues of material fact. Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262, 265 (9th Cir.1991).
 
 
 7
 In order to prevail on a claim under Section 301 of the LMRA, White must demonstrate (1) that Connell breached the CBA, and (2) that the Union breached its duty of fair representation. See Hines v. Anchor Motor Freight, 424 U.S. 554, 570-571 (1976).
 
 
 8
 A. Breach of the Collective Bargaining Agreement
 
 
 9
 Connell argued, and the district court ruled, that Connell's payment of commissions to Baldanzi did not violate the CBA. That ruling ignored, however, the principal allegation of White's complaint: that Connell violated the CBA by terminating White for objecting to Connell's payment of commissions to fellow employees.[1]
 
 
 10
 White specifically alleged a violation of CBA Section 4.1, which provides that an employer shall not "discharge or discriminate against any employee for upholding Union principles...." But neither Connell nor the district court addressed Section 4.1. Significantly, Connell did not argue on summary judgment, much less demonstrate as a matter of law, that Section 4.1 permits discharging an employee for challenging the employer's conformity with the CBA so long as that challenge is erroneous. Unresolved, for example, is whether Section 4.1 permits termination where the employee's challenge is brought in good faith. In short, Connell did not establish the link between the propriety of Connell's payment of commissions to certain employees and the propriety of terminating White for objecting to the payment of those commissions. Connell, accordingly, did not satisfy its initial burden on a motion for summary judgment of demonstrating as a matter of law that it did not violate the CBA.
 
 B. Breach of Duty of Fair Representation
 
 11
 Notwithstanding Connell's failure to demonstrate the propriety of White's termination, summary judgment would be appropriate if Connell demonstrated that White could not establish the second element of a Section 301 claim: that the Union breached its duty of fair representation. See Hines, 424 at 570-71. In order to breach the duty of fair representation, "a union's conduct toward a member of the collective bargaining unit [must be] arbitrary, discriminatory, or in bad faith." Vaca v. Sipes, 386 U.S. 171, 190 (1967). A Union's conduct is "arbitrary" if it is "without rational basis." Gregg v. Chauffers, Teamsters and Helpers Union Local 150, 699 F.2d 1015, 1016 (9th Cir.1983).
 
 
 12
 Here, the Union elected not to pursue White's grievance based upon its determination that Baldanzi was a dues-paying Union member entitled to commissions for the sales of vehicles and that Connell therefore did not violate the CBA by paying Baldanzi commissions. The record is devoid, however, of any indication of the Union's rationale for failing to pursue the principal component of White's grievance: that White was discharged for objecting to the payment of a commission to Baldanzi. As discussed above, it is not clear that the propriety of White's termination flows automatically from the propriety of the payment of commissions to Baldanzi. Given that the Union offered no basis for declining to pursue White's grievance other than its finding that payment of commissions to Baldanzi was not improper, the record is devoid of a rational basis for the Union's declining to pursue further White's wrongful discharge grievance. See id. Connell, accordingly, failed to demonstrate that White could not establish that the Union breached its duty of fair representation. Summary judgment as to White's wrongful termination claim was therefore improper.[2]
 
 
 13
 We affirm the district court's summary judgment as to White's remaining claims: i.e., regarding payment of wages upon termination, harassment by fellow employees, notice of termination, and written confirmation of sales and commissions.[3]
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, White's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Connell conceded, for purposes of the motion for summary judgment, that Connell terminated White "due to a disagreement with management over the payment of commissions to a fellow salesman."
 
 
 [2]
 The district court did not reach Connell's assertion that White's failure to exhaust contractual and union grievance procedures required summary judgment. Because of our conclusion that Connell did not demonstrate the absence of a genuine issue of material fact as to whether the Union's failure to pursue White's wrongful termination grievance was arbitrary, it follows that Connell would not have been entitled to summary judgment on exhaustion grounds. See Castaneda v. Dura-Vent Corp., 648 F.2d 612, 618 (9th Cir.1981) (genuine issue of material fact as to breach of duty of fair representation precludes summary judgment for failure to exhaust grievance procedures)
 
 
 [3]
 We do not reach White's assertion that the district court wrongfully denied him in forma pauperis status; because White never completed the requisite affidavit, the district court never, in fact, denied him such status. We also reject White's assertion that such "denial" of in forma pauperis status invalidated his waiver of a jury trial