**Gene C. SALINAS, Plaintiff–Appellant,**

v.

**MILNE TRUCK LINES, INC., a corporation; Wholesale and Retail Food Distribution, Teamster Local No. 63, Defendants–Appellees.**

No. 87–6196.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 1988.

Decided May 13, 1988.

Roger Jennings, Marina del Rey, Cal., for plaintiff-appellant.

Ronald J. Cooke, Littler, Mendelson, Fastiff & Tichy, Los Angeles, Cal., and Michael J. Shelley, Wohlner, Kaplon, Phillips, Vogel, Shelley & Young, Los Angeles, Cal., for defendants-appellees.

Before ALARCON, FERGUSON and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Salinas sued Milne Truck Lines, Inc. ("Milne") and Wholesale and Retail Food Distribution, Teamster Local No. 63 ("Local 63") on the theory that Local 63 had violated the duty of fair representation in prosecuting Salinas's grievance. The district court granted summary judgment in favor of Milne and Local 63. We affirm.

I

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c). We review a grant of summary judgment de novo, viewing the evidence in a light most favorable to the non-moving party. *Dolphin Tours v. Pacifico Creative Service,* 773 F.2d 1506, 1509 (9th Cir.1985).

## II

Salinas's argument hinges on his interpretation of Article 46 of the collective bargaining agreement. He suggests that Article 46 provides for an employer to fire an employee only after warning the employee twice, each time for a separate incident.[1] According to Salinas, at his grievance hearing Local 63 failed to argue that Milne fired Salinas without having issued him a warning for any prior incident. By failing to make this "prior incident" argument, Salinas contends, Local 63 violated the duty of fair representation.[2]

A union breaches the duty of fair representation only when the union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 916, 17 L.Ed.2d 842 (1967). We recently detailed our approach to applying the duty of fair representation:

> [W]e ask first whether the act in question involved the union's judgment, or whether it was "procedural or ministerial." If it is a union's judgment that is in question ... the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith. Arbitrariness alone would not be enough. Only when the challenged conduct was procedural or ministerial does arbitrariness become controlling.

*Moore v. Bechtel Power Corp.,* 840 F.2d 634, 636 (9th Cir.1988) (citations omitted).

■ The act Salinas complains of is the union's failure to make his "prior incident" argument. This act plainly involved the union's judgment. As we have said before, "[A] union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing." *Peterson v. Kennedy,* 771 F.2d 1244, 1254 (9th Cir.1985). In this case, the union may have rejected Salinas's interpretation of Article 46 as meritless. The union may have overlooked Salinas's interpretation of Article 46 entirely, or the union may have found Salinas's interpretation meritorious but failed to present that interpretation at his hearing. Regardless, the union's conduct amounts to more than a procedural or ministerial act, and so any arbitrariness by the union would not breach the duty of fair representation.[3] *Compare Moore,* 840 F.2d at 637 (listing acts involving union's judgment).

■ Because Local 63's judgment is in question, Salinas could prevail at trial "only if the union's conduct was discriminatory or in bad faith." *Id.* at 636. In support of their motion for summary judgment, Milne and Local 63 may invoke the district court's statement of uncontroverted facts, as well as a declaration by James Bradford (Milne's Director of Industrial Relations). These documents indicate, as Salinas acknowledges in his brief, that Local 63 did not make the "prior incident" argument because past grievance hearings had upheld the discharge of drivers without a warning for any prior incident. Local 63's reliance on precedent suggests that its

---

1. Salinas bases his interpretation on this passage: "[T]he Employer shall not discharge nor suspend any employee without just cause, but in respect to discharge or suspension shall give at least one (1) warning notice of the complaint.... A warning notice shall not remain in effect for a period of more than nine (9) months from the date of occurrence which gave rise to such warning notice." Western States Area Supplemental Agreement, Article 46 (effective 4/1/85 through 3/31/88).

2. The district court's judgment focused on a different argument, that Local 63 had failed to dispute that warnings by telephone were inadequate. Salinas did not pursue this argument on appeal.

3. Even when a union's act is only procedural or ministerial, so that arbitrariness would breach the duty of fair representation, "mere negligence is not arbitrariness. The union must have acted in 'reckless disregard' of the employee's rights." *Moore,* 840 F.2d at 636.

conduct was not discriminatory or in bad faith.

Responding to Milne and Local 63's motion for summary judgment, Salinas had to set forth specific facts showing that there was a genuine issue for trial. Fed.R.Civ. Pro. 56(e). In particular, he needed to set forth facts indicating that Local 63's conduct was discriminatory or in bad faith. In his declaration, however, Salinas simply restated that at his grievance hearing Local 63 had not "discussed the fact that this was my first warning." Salinas did not set forth facts suggesting bad faith or discrimination by the union; he did not show there was a genuine issue for trial.

### III

We conclude that the district court properly granted summary judgment in favor of Milne and Local 63. We reject Milne and Local 63's request for damages pursuant to Federal Rule of Appellate Procedure 38 and their request for sanctions pursuant to Federal Rule of Civil Procedure 11.

AFFIRMED.