Leon STEVENS; Jerry Carson; Nick Cotogno; Ralph Allen; Lauro Andrade, Jr.; Betty Armet; Dale Ball, et al., Plaintiffs–Appellants,

v.

MOORE BUSINESS FORMS, INC., d/b/a Moore Business Forms & Systems Division; Local 404 M Graphic Communications International Union; Norman V. Salaets; Ray F. Ardanaz; Graham J. McClean, Defendants–Appellees.

No. 92–55936.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 10, 1993.

Decided Feb. 25, 1994.

---

5. Dr. Zitzow opined, "There's been few [sex abuse] victims that I have seen that have been subjected to more than they have."

Dale M. Fiola, Anaheim, CA, for plaintiffs-appellants.

William S. Waldo, Paul, Hastings, Janofsky & Walker, Howard Z. Rosen, Posner & Rosen, Los Angeles, CA, for defendants-appellees.

Before: ALDISERT *, HUG, and SCHROEDER, Circuit Judges.

ALDISERT, Circuit Judge:

This appeal by union members from a district court order granting summary judgment in favor of their union and their employer requires us to examine the statutory duty of fair representation and Section 301 of the Labor Management Relations Act. We must determine whether the district court properly concluded that the Appellants failed to present sufficient evidence that the union breached its statutory duty of fair representation. This is the critical issue because the union's liability under the circumstances presented here is a condition precedent to the Appellants' prevailing on their Section 301 action against the employer. *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 62, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981), *overruled on other grounds by DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). We must also determine whether the district court abused its discretion by admitting certain provisions of a witness declaration over the hearsay objections of the Appellants.

The Appellants brought this action in the district court against Moore Business Forms, Inc. for violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and against Local 404 M of the Graphic Communications International Union (hereinafter "Local 404" or "union") for

---

* Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

breach of the statutory duty of fair representation.

Leon Stevens and the other Appellants were employed by Moore at its City of Industry plant in California. They were also members of Local 404, the exclusive collective bargaining representative for the bargaining unit which included the Appellants' positions. Their terms and conditions of employment were governed by a collective bargaining agreement between Moore and Local 404.

On May 30, 1990, Moore announced to its City of Industry employees that the plant would close in mid-August of that year. As a result of the plant closure, Moore paid its union employees severance pay equal to the amount required by Section 25 of the collective bargaining agreement. The severance pay received by Moore's bargaining unit employees was substantially less than that received by non-bargaining unit employees. The Appellants note that the pay differential between union and non-union employees was nine to one. They concede, however, that the benefits given union employees were in accordance with the collective bargaining agreement.

Subsequently, on November 14, 1990, several union members, including the current Appellants, filed a grievance with Local 404. They claimed that they had been discriminated against on the basis of their union membership in violation of Section 3(d) of the collective bargaining agreement, which provided that "[t]he company shall not discriminate in any way against employees because of membership ... [in the union]." E.R., Ex. 81, at 1. Several days thereafter, the union informed the bargaining unit employees that it would not process their grievance because it did not present a violation of Section 3(d). Based on this determination, the Appellants contend that the union breached its duty of fair representation.

Both Local 404 and Moore contend that the union's treatment of the Appellants' grievance cannot be considered in a vacuum and must be viewed in light of past history. Five years prior to the filing of the present grievance, the union faced what it characterizes as nearly an identical issue—disparate benefits between union and non-union employees. At that time, Moore permitted non-union employees to participate in a 401(k) plan, but held union employees strictly to benefits provided under the collective bargaining agreement. Local 522, the predecessor to Local 404, filed an unfair labor practice charge with the National Labor Relations Board (NLRB), alleging that Moore had discriminated against its union employees by refusing to allow them to participate in the plan. The Acting Regional Director of the NLRB refused to issue a complaint, concluding that different benefits for union and non-union members was insufficient proof of a discriminatory motive on the part of the employer.

Based on this history, Local 404 concluded that the grievance brought by the Appellants regarding the disparity in severance pay was without merit.

The complaint in the district court against both the union and the employer followed. The district court eventually granted summary judgment in favor of the union:

> Plaintiffs have not made a showing that the Union's actions were in bad faith, in fact plaintiffs admit that they received the severance pay pursuant to the terms of Section 25 of the instant collective bargaining agreement.... Defendant Union has produced strong evidence, in the form of declarations, that their decision was reasonably based.

*Id.* at 4–5. The court further held:

> Defendant Moore is correct in its assertion that a plaintiff cannot proceed against their employer under Section 301 without first establishing a breach of the duty of fair representation by their Union.... [T]his court finds that plaintiffs have not made a threshold showing of bad faith or discrimination on the part of defendant Union.

*Id.* at 5–6.

The Appellants then filed a motion for reconsideration with the district court, contending that the court had not ruled on their motion to strike portions of Local 404's evidence. On July 29, 1992, the district court issued an order in which it concluded that the

challenged portions of Local 404 president Frank Young's declaration were admissible pursuant to the business records exception to the hearsay rule. Young's declaration established that union records contained the prior claim against Moore and the NLRB's rejection of that claim.

■ We review a grant of summary judgment de novo. *Jones v. Union Pac. R.R.,* 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Federal Deposit Ins. Corp. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992), *cert. granted,* —— U.S. ——, 114 S.Ct. 543, 126 L.Ed.2d 445 (Nov. 29, 1993). Moreover, "if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir. 1987), *cert. denied,* 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988).

■ We review the district court's decision to admit evidence under exceptions to the hearsay rule for an abuse of discretion. *United States v. Bland,* 961 F.2d 123, 126 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 170, 121 L.Ed.2d 117 (1992).

## I.

■ A union breaches the statutory duty of fair representation if it ignores a meritorious grievance or processes it in a perfunctory manner. *Vaca v. Sipes,* 386 U.S. 171, 191, 87 S.Ct. 903, 917, 17 L.Ed.2d 842 (1967). The Appellants argue that the union should be held accountable for its failure to make even a minimal investigation into their grievance. They rely principally on our decision in *Tenorio v. Nat'l Labor Relations Bd.,* 680 F.2d 598, 601 (9th Cir.1982) ("To comply with its duty, a union must conduct some minimal investigation of grievances brought

to its attention."). *See also Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270, 1274 (9th Cir.1983); *Gregg v. Chauffers, Teamsters & Helpers Union Local 150,* 699 F.2d 1015, 1016 (9th Cir.1983).

The Appellees respond that there are no genuine issues of fact and that the district court properly determined that Local 404 did not breach its duty of fair representation. They rely on Frank Young's declaration, which established that: Young was president of Local 404; Local 404's predecessor was Local 522; the records of the union showed that five years prior to the Appellants' grievance, Local 522 had filed an unfair labor practice charge against Moore on the basis of disparate benefits between union and non-union employees; the NLRB rejected the charge, concluding that different benefits did not constitute unlawful discrimination; and Young was aware of these records when he was presented with the Appellants' grievance.

In addition, the union indicated that it was aware of other situations in which fringe benefits paid to bargaining unit employees were different than those provided to non-bargaining unit employees. For example, in his declaration, Young notes that when Moore changed from Blue Cross health insurance to Aetna, non-bargaining unit employees were required to pay a contribution to the Aetna program while bargaining unit employees were provided insurance without cost.

Young said that in refusing to process the severance pay grievance, he relied on the disparate fringe benefit packages given to bargaining unit employees and non-bargaining unit employees by Moore in the past and on the NLRB's refusal to issue a complaint concerning the 401(k) matter.

In further support of its position, Moore cites decisions in which we specifically rejected the Appellants' contention that failure to investigate their grievance was a per se breach of the duty of fair representation. *See, e.g., Evangelista v. Inlandboatmen's Union of the Pac.,* 777 F.2d 1390, 1395–96 (9th Cir.1985) ("[E]xtensive investigation by a union is unnecessary where it would not have resulted in the development of addition-

al evidence which would have altered the union's decision not to pursue the grievance."); *Eichelberger v. Nat'l Labor Relations Bd.*, 765 F.2d 851, 857 n. 10 (9th Cir. 1985) (rejecting petitioner's contention that the union was obligated to conduct an investigation before deciding not to pursue her grievance).

## II.

We begin our analysis with the recognition that Appellants' complaint asserted claims against both the union and the company. The complaint against the union is predicated on the "statutory duty of fair representation." *See Vaca*, 386 U.S. at 177, 87 S.Ct. at 910. The duty of fair representation is inferred from the union's exclusive authority under the National Labor Relations Act, 29 U.S.C. § 159(a), to represent all employees in a bargaining unit and "to act fairly when dealing with an employer on behalf of a member." *Moore v. Local Union 569 of the Int'l Bhd. of Elec. Workers*, 989 F.2d 1534, 1541 (9th Cir.1993), *cert. denied* — U.S. —, 114 S.Ct. 1066, 127 L.Ed.2d 385 (1994).

The complaint against Moore, the employer, is based on Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), which authorizes suits between employers and labor organizations for contract violations.

The parties agree that the action against Moore can succeed only if "the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance." *Vaca*, 386 U.S. at 186, 87 S.Ct. at 914; *see also Johnson v. United States Postal Serv.*, 756 F.2d 1461, 1467 (9th Cir.1985). Our inquiry, therefore, is limited to whether Local 404 breached its duty of fair representation owed to the Appellants.

■ In *Vaca v. Sipes*, 386 U.S. at 177, 87 S.Ct. at 910, the Court defined the duty of fair representation:

[T]he exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.

Regarding the scope of the duty, the Court stated:

Though we accept the proposition that a union may not arbitrarily ignore a meritorious grievance or process it in perfunctory fashion, we do not agree that the individual employee has an absolute right to have his grievance taken to arbitration regardless of the provisions of the applicable collective bargaining agreement.

*Id.* at 191, 87 S.Ct. at 917. A union breaches its duty of good faith when its conduct is arbitrary, discriminatory or in bad faith. *Id.* at 190, 87 S.Ct. at 916. Here negligence in processing a grievance is insufficient to constitute a breach of the duty. *Eichelberger*, 765 F.2d at 854. Accordingly, we must determine whether the Appellants met their burden of proving that Local 404's conduct in dismissing their grievance was arbitrary, discriminatory or in bad faith.

■ Initially, we must consider whether Local 404's decision not to pursue the Appellants' grievance was an act involving the union's judgment or whether it was a "procedural or ministerial" act. *Moore v. Bechtel Power Corp.*, 840 F.2d 634, 636 (9th Cir. 1988). A union's decision to pursue a grievance based on its merits or lack thereof is considered an exercise of its judgment. *See id.* at 637. "We have never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance. To the contrary, we have held consistently that unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances." *Peterson v. Kennedy*, 771 F.2d 1244, 1254 (9th Cir.1985), *cert. denied*, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).

A union decision is arbitrary only if it lacks a rational basis. *Robesky v. Qantas Empire Airways Ltd.*, 573 F.2d 1082, 1089 (9th Cir. 1978). A union's conduct may not be deemed arbitrary "simply because of an error in evaluating the merits of a grievance, in interpret-

ing particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing." *Peterson,* 771 F.2d at 1254. Therefore, should we determine that the union's refusal to pursue the Appellants' grievance was an act involving its judgment, the Appellants must provide some evidence of the union's bad faith or discrimination in order to prevail. *See Franciscan Ceramics,* 818 F.2d at 1468.

It is against these precepts that we evaluate the district court's grant of summary judgment.

## III.

Here, the union provided a "rational basis" for its decision not to pursue the Appellants' grievance. This is not a question of the union's failure to perform a purely administrative or ministerial task, such as the timely filing of a meritorious grievance. Rather, this is a question of judgment, a "rational attempt[ ] on the part of a union to properly interpret a collective bargaining agreement or otherwise handle a grievance." *Peters v. Burlington N.R.R.,* 931 F.2d 534, 540 (9th Cir.1990). Moreover, the Appellants offered no evidence that the union handled their grievance in a perfunctory fashion. Although *Tenorio,* 680 F.2d at 601, teaches that some minimal investigation of grievances must occur, it also provides that "[t]he thoroughness with which unions must investigate grievances in order to satisfy their duty varies with the circumstances of each case." Only union conduct that shows "an egregious disregard" for the rights of its members constitutes a breach of the duty. *Id.*

Here, we agree with Moore and the union that the Appellants' grievance was "clear and unambiguous on its face." The Appellants recite no facts discovered during their own "investigation" which change the basic issues or make the union's reasoning suspect. All parties agree that the members received severance pay equal to that mandated by the collective bargaining agreement and that their severance pay was significantly less than that provided for non-bargaining unit employees. The Appellants merely contend that Moore did not inform the union that it might put in place a program at the City of Industry plant which would result in higher severance pay for non-union employees and that Moore told its non-union employees not to discuss their severance packages with anyone. These facts do not change the nature of the dispute nor do they alter the applicability of prior precedent relied on by Local 404 in reaching its decision. *See Evangelista,* 777 F.2d at 1395–96.

Because Local 404's decision not to proceed with the Appellants' grievance was an act involving its judgment, for the Appellants to succeed they must present evidence that the union's decision was discriminatory or in bad faith.

In *Peters,* 931 F.2d at 540, we stated:

> If a union provides an explanation for having ignored a particularly strong argument during a grievance procedure that is based on reasoning, we will not question whether the reasoning was faulty or not.

In *Peters,* the union provided no explanation for having ignored a union member's argument, and we concluded that there was insufficient evidence that the union deliberated the issue at all. *Id.* at 541. We noted that "[h]ad the union explained its actions as the product of judgment, whether sound or flawed, we might very well have been forced to conclude that Peters on balance failed to prove the existence of a material factual issue." *Id.* In the case before us, however, the union did provide an explanation: It relied on a prior decision of the NLRB that different benefits for union and non-union members alone was insufficient proof of an employer's discriminatory motive. In *Salinas v. Milne Truck Lines, Inc.,* 846 F.2d 568, 569–70 (9th Cir.1988), we held that a local union's reliance on precedent was not a discriminatory act and did not constitute bad faith. Moreover, we have held that an error in judgment by the union does not constitute bad faith. *Burkevich v. Air Line Pilots Ass'n,* 894 F.2d 346, 352 (9th Cir.1990).

The Appellants offered no evidence of bad faith or discriminatory conduct on the part of the union. Therefore, the union's decision not to pursue the Appellants' grievance did not constitute a breach of the duty of good faith. Under these circumstances, we con-

clude that the district court did not err in granting summary judgment in favor of the union. Without liability imposed on the union, Appellants' Section 301 action against the employer must fail as well. In reaching this conclusion, we have determined that no genuine issue of material facts existed in the summary judgment proceedings. The historical or narrative facts were not in dispute. The parties differed only as to the inferences or conclusions to be drawn therefrom.

## IV.

■ The Appellants contend also that the district court abused its discretion by denying their motion to strike certain portions of Frank Young's declaration. The district court held that the declaration was admissible under the business records exception to the hearsay rule.

The Appellants argue that because Young did not have personal knowledge of the unfair labor charge filed with the NLRB, his declaration is based on hearsay evidence and is, therefore, inadmissible. They argue also that the documents relied upon by Young are hearsay and not admissible. They contend that if the declaration had been properly stricken, the court could not have granted the union's summary judgment motion.

The Appellees assert various bases to justify the admissibility of Young's declaration. They state that the contested excerpts of the declaration were introduced not to prove the truth of the matter asserted therein but to show his knowledge of the union records, as a background for his decision not to pursue the Appellants' grievance. *See Kunz v. Utah Power & Light Co.,* 913 F.2d 599, 605 (9th Cir.1990) (holding press releases admissible because they were not offered to prove their truth but to show that landowners had notice of potential flooding), *cert. denied,* 498 U.S. 1085, 111 S.Ct. 959, 112 L.Ed.2d 1046 (1991). Because these statements were admitted to prove the witness's knowledge, they are not hearsay under Rule 801(c) of the Federal Rules of Evidence.

The Appellees state also that the contested provisions were admissible under the business records exception to the hearsay rule,

Rule 803(6). The district court determined that "Mr. Young's testimony regarding these records falls within the exception to the hearsay bar set forth in Federal Rules of Evidence 803(6)" and concluded:

> The records that Young knew of, and based his rejection of the instant grievance upon, are records kept in the regular course of business, made at or near the time of the rejection of the grievance, and made by a person with knowledge of the event being recorded.

E.R., Ex. 95, at 2. We are satisfied that the documents upon which Young relied were made, kept and received in the regular course of business.

## V.

We have considered all the questions presented by the Appellants. To the extent not discussed here, any other contentions have been considered and rejected.

AFFIRMED.