70 F.3d 1277
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kathy L. AUSANO, Plaintiff-Appellant,
v.
UNITED FOOD & COMMERCIAL WORKERS INTERNATIONAL UNION, LOCAL
648, AFL-CIO, Defendant-Appellee.
 No. 94-15819.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Nov. 24, 1995.
 
 Before: CHOY, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kathy Ausano appeals the district court's grant of a 12(b)(6) motion to dismiss in favor of United Food & Commercial Workers Int'l Union, Local 648, AFL-CIO ("Union"). We affirm.
 
 BACKGROUND
 
 3
 Ausano was fired from her employment as a checker at a Safeway supermarket in San Francisco for excessive absenteeism on July 12, 1990. On July 16, the Union notified Safeway that Ausano was filing a grievance to challenge the termination pursuant to its collective bargaining agreement ["CBA"] with the Food Employers Council, of which Safeway is a member. An Adjustment Board, consisting of two Safeway representatives and two Union representatives convened on December 13, 1990, but did not issue a decision on Ausano's grievance at that time.
 
 
 4
 After the meeting, the Union apparently made several unsuccessful attempts to contact the Food Employers Council about the decision of the Board, and Ausano alleges that the Union did not update her about the progress of her grievance. The Board never issued a decision because Safeway's Affirmative Action/Employment Section concluded after investigation that Ausano's claims were without merit. There is a dispute about whether the Union was informed by the Food Employers Council in early 1991 that Safeway considered the matter closed. On July 8, 1991, Ausano filed a complaint for wrongful termination and ERISA violations against Safeway in California court, which was subsequently removed to the District Court for the Northern District of California. On October 28, 1991, she filed a separate suit in federal court against the union, alleging unfair and arbitrary representation. The two cases were eventually consolidated.
 
 
 5
 On January 2, 1992, having established that the Adjustment Board would take no further action and that Safeway considered the matter of Ausano's termination closed, the Union requested arbitration. On March 10, 1992, a Stipulation to Arbitrate was filed with the district court. On June 1, 1992, a hearing was held on the issue of arbitrability of Ausano's grievance against Safeway, and on December 21, 1993, the arbitrator issued her decision that the matter was arbitrable. On March 19-20, 1993, a hearing was held on the merits of Ausano's grievance, and the arbitrator found just cause for Ausano's termination and denied her grievance in an Opinion and Decision issued on August 31, 1993.
 
 
 6
 Meanwhile, during 1992, the district court denied two motions to dismiss from the Union. The court found in an August 26, 1992 order that Ausano might have a cause of action for a breach of the duty of fair representation if the Union's actions had resulted in a waiver of Ausano's right to arbitrate. After the arbitration decision on the merits, Ausano's claims against Safeway were dismissed by stipulation on October 13, 1993. On December 1, 1993, the Union filed a motion for reconsideration of its motion to dismiss. The Union submitted a number of affidavits and exhibits in support of its motion, as it had in support of the motions during 1992, and Ausano and her attorneys submitted affidavits and exhibits in opposition to the motion. On April 28, 1994, the district court granted the motion to dismiss. We affirm.
 
 DISCUSSION
 
 7
 Ausano contends that the Union dilatorily investigated and prosecuted her grievance. As a result of this alleged delay, her primary witness died before arbitration of her grievance, and she argues that she was denied a timely and complete arbitration hearing.
 
 I. Standard of Review
 
 8
 Although the order on appeal purportedly was issued as a result of a Rule 12(b)(6) motion, the motion was treated by the district court like a motion for summary judgment. Both the Union and Ausano submitted affidavits and exhibits in support of and in opposition to the motion to dismiss. See E.R. AP 2, AP 3; Supp.E.R. 1, 13, 33, 43, 57, 133. The district court did not exclude these affidavits and exhibits, and specifically cited an excerpt from the arbitration decision that had been attached as an exhibit to the affidavit of the Union's attorney in support of the motion. E.R. CR 72, at 6.
 
 
 9
 "If matters outside the pleadings are submitted, the motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is treated as one for summary judgment." Jacobson v. AEG Capital Corp., 50 F.3d 1493, 1496 (9th Cir.1995); see also Del Monte Dunes v. City of Monterey, 920 F.2d 1496, 1507-08 (9th Cir.1990) (where district court considered affidavits and exhibits in support of and opposition to motion to dismiss, court of appeals treated dismissal as order granting summary judgment under Fed.R.Civ.P. 56(c)); Tanner v. Heise, 879 F.2d 572, 577 (9th Cir.1989) (declaration of facts not excluded by court on 12(b)(6) motion makes review based on summary judgment standard appropriate). Accordingly, we must determine, viewing the evidence in the light most favorable to the appellants, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Jacobson, 50 F.3d at 1496.
 
 II. Duty of Fair Representation
 
 10
 In determining whether a union has breached its duty of fair representation, this court applies a two-step analysis.
 
 
 11
 First we must decide whether the alleged union misconduct "involved the union's judgment, or whether it was 'procedural or ministerial' " Second, if the conduct was procedural or ministerial, then the plaintiff may prevail if the union's conduct was arbitrary, discriminatory, or in bad faith. However, if the conduct involved the union's judgment, then "the plaintiff may prevail only if the union's conduct was discriminatory or in bad faith."
 
 
 12
 Marino v. Writers Guild of America, 992 F.2d 1480, 1486 (9th Cir.) (quoting Burkevich v. Air Line Pilots Ass'n, Int'l, 894 F.2d 346, 349 (9th Cir.1990) (citations omitted)), cert. denied, 114 S.Ct. 472, 126 L.Ed.2d 423 (1993).
 
 
 13
 The alleged error on the part of the Union is more correctly classified as one of judgment. "This is not a question of the union's failure to perform a purely administrative or ministerial task, such as the timely filing of a meritorious grievance." Stevens v. Moore Business Forms, Inc., 18 F.3d 1443, 1448 (9th Cir.1994). Rather, the Union has provided a "rational basis" for the delay in Ausano's grievance, id., and Ausano has not asserted that the delay was a result of any conduct such as a missed deadline or other clerical error.
 
 
 14
 The cases scrutinizing judgment errors have examined situations in which the union completely failed to pursue a grievance. See Herman v. United Bhd. of Carpenter and Joiners of America Local Union, No. 971, 60 F.3d 1380-81 (9th Cir.1995) ("[W]e will seldom find a breach of duty if a union evaluates and investigates a claim and determines it to be without merit."). Though Ausano characterizes the delays in the processing of her grievance as evidence of "perfunctory" treatment of her claim, such language is reserved by this court to describe situations in which a union fails to pursue a grievance without adequate consideration of the merits of the claim. See, e.g., Stevens, 18 F.3d 1443; Peters v. Burlington N. R.R. Co., 931 F.2d 534, 540 (9th Cir.1990).
 
 
 15
 The delay after the Adjustment Board met was based on the Union's experience that waiving the time limits for a decision of the adjustment board had resulted in the positive resolution of worker grievances in the past. Supp.E.R. at 15 (affidavit of James O'Meara). The Union's "reliance on precedent suggests that its conduct was not discriminatory or in bad faith." Salinas v. Milne Truck Lines, Inc., 846 F.2d 568, 569-70 (9th Cir.1988). Ausano has alleged no facts that could show "bad faith" or "discriminatory intent" on the part of the Union. To the contrary, the Union vigorously pursued her claim to conclusion in arbitration. See Supp.E.R. at 86 (decision of arbitrator).
 
 
 16
 Even if the alleged errors on the part of the Union were "procedural or ministerial," Ausano could not prevail. Ausano must allege facts showing that the Union's conduct was "arbitrary, discriminatory, or in bad faith." Marino v. Writers Guild of America, 992 F.2d 1480, 1486 (9th Cir.1993). A mere showing of negligence on the part of the Union is insufficient. United Steelworkers of America v. Rawson, 495 U.S. 362, 372-73, 110 S.Ct. 1904, 1911, 109 L.Ed.2d 362 (1990). Arbitrary conduct, alleged here by Ausano, will be found, "only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' ... as to be irrational." Airline Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67, 111 S.Ct. 1127, 1130, 113 L.Ed.2d 51 (1991). "A union's conduct may not be deemed arbitrary 'simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing." Stevens, 18 F.3d at 1447-48 (quoting Peterson v. Kennedy, 771 F.2d 1244, 1254 (9th Cir.1985)).
 
 
 17
 It is not explained why the Adjustment Board did not convene until December 13, 1990, after the Union's request on July 16, 1990. Section 13 of the CBA calls for a meeting of the Adjustment Board within 20 business days of the Union's request for a meeting, and calls for waiver on the part of the employer or the Union if certain deadlines are not met. See E.R. at CR 1, Ex. B, p. 10. The agreement allows the date of the Adjustment Board's meeting to be delayed upon the agreement of the parties. Id. Because the CBA is between the Union and the Food Employers Council, the Union had the power to delay the convening of the board upon agreement with the Council. It appears that this is what likely happened in the case at bar. Even if the delay was unjustified, Ausano had not alleged that it was caused by anything more than an error by the Union in interpreting the CBA or an error in the overall presentation of the grievance.
 
 
 18
 Even assuming that the union's delay in scheduling an Adjustment Board, leading to the ultimate delay in arbitration, constituted "arbitrary" conduct on the part of the Union, Ausano is not aided. A union's actions may violate the duty of fair representation where " 'the union's failure to perform a ministerial act completely extinguishes the employee's right to pursue his claim.' " Peterson, 771 F.2d at 1254 (quoting Dutrisac v. Caterpillar Tractor Co., 749 F.2d 1270, 1274 (1983)), cert. denied, 475 U.S. 1122, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986).
 
 
 19
 Ausano's case is far different from the cases in which this court had found a breach of a union's duty. In Dutrisac, for example, the union's failure to file a request for arbitration on time completely cut off the employees only remedy for his discharge. 749 F.2d at 1274. In Eichelberger v. N.L.R.B., 765 F.2d 851 (9th Cir.1985), the union official received a letter from a discharged official, concluded the letter contained no grounds for pursuing a grievance procedure, and did not inform the employee of his decision. Subsequently, the thirty day period for pursuing a grievance passed and the employee could not pursue the grievance. Despite finding that the union official's conduct was negligent, this court found that the union did not breach its duty of fair representation, because the employee was well aware of the deadline for filing a grievance, which she could have done herself. Id. at 856-57.
 
 
 20
 Unlike these cases, Ausano's rights to arbitration were not waived as a result of the Union's conduct. See Supp.E.R. 86. Ausano argues only that her arbitration could have been handled better, through the taking of witness statements to refresh memories, and the testimony of Javier Rodriguez, which would have been available if arbitration had begun earlier.
 
 
 21
 At the arbitration hearing, the Union presented extensive evidence designed to demonstrate the alleged disparate treatment of Ausano at the hands of her supervisor. See Supp.E.R. 100-04. The alleged testimony of Rodriguez would have been largely repetitive. Ausano does not dispute the fact that her termination came the day after she missed work without contacting her supervisor. E.R. 97-98. Though she alleges that she was sick, she has never provided any medical substantiation of that claim. E.R. 98. The arbitrator's finding would not have been different with this additional information. Indeed, Ausano's attorney acknowledges in the Reply brief "that the arbitrator's award effectively exonerated Safeway." Appellant's Reply Br. at 3. Ausano suffered no damages as a result of the Union's conduct.
 
 
 22
 "The grievance process cannot be expected to be error-free." Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 571 (1976). See also Peterson, 771 F.2d at 1253 (1985). Though there could be a situation in which arbitrary conduct on the part of a union, while not "completely extinguishing" an employee's right to pursue a grievance, would result in a wholly inadequate arbitration hearing and a breach of a union's duty of fair representation, this case is far from that situation. The Union's actions were not arbitrary, and its duty was not breached.
 
 
 23
 Ausano alleges that the Union is required to exercise "special care" in handling a discharge case. See Tenorio v. NLRB, 680 F.2d 598, 602 (9th Cir.1982). While such a duty of "special care" might have been violated had the Union summarily dismissed Ausano's grievance without sufficient inquiry, such a duty is not violated where, as here, a grievance is pursued to conclusion in arbitration.
 
 III. Sanctions
 
 24
 Sanctions are not appropriate in this case. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." "An appeal is considered frivolous when the result is obvious, or the appellant's arguments are wholly without merit." Lloyd v. Schlag, 884 F.2d 409, 416 (9th Cir.1989) (citations omitted). Because this court has not definitively ruled that the pursuit of a grievance through arbitration will in every situation preclude a finding of a breach of a union's duty of fair representation, Ausano's appeal, though ultimately unsuccessful, was not wholly without merit.
 
 CONCLUSION
 
 25
 Because Ausano had not produced any evidence that the Union's handling of her grievance was in bad faith, discriminatory, or arbitrary, and because the delays in convening the Adjustment Board and requesting arbitration did not completely extinguish her right to arbitration, the Union did not breach its duty of fair representation. The district court's grant of the Union's motion is AFFIRMED and the Union's request for sanctions is DENIED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3