134 F.3d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charlie STRICKLAND, Jr., Plaintiff-Appellant,
v.
NATIONAL ASSOCIATION OF GOVERNMENT EMPLOYEES, the National
Association of Government Employees; Harry Breen;
Louis W. Rogers; Harry Berman;
Jeannine De Lozier,
Defendants-Appellees.
 No. 96-56130.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1998.**
 Decided Jan. 15, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Strickland, Jr., appeals pro se the district court's summary judgment in favor of the defendants. The court found that Strickland failed to establish a genuine issue of fact about: (1) whether NAGE breached a duty of fair representation by removing him from his union office; (2) whether NAGE violated or interpreted in bad faith its constitution; and (3) whether the individual defendants' allegedly defamatory communications were false. Strickland also appeals the court's denial of a motion to amend his pleadings to. include violations of several labor statutes and the United States Constitution; he impliedly appeals the court's previous dismissal of fraud and negligence claims.
 
 
 3
 We review de novo a grant of summary judgment. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997). We determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the court correctly applied the relevant substantive law. Id. We review for abuse of discretion the denial of leave to amend after a responsive pleading has been filed. Jones v. Community Redevelopment Agency, 733 F.2d 646, 650 (9th Cir.1984). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's meticulous decisions,
 
 I. DUTY OF FAIR REPRESENTATION
 
 4
 Strickland asserts that NAGE breached its duty of fair representation when it removed him as chief steward of the local after finding that his personal business conflicted with his union duties He is incorrect
 
 
 5
 The statutory duty of fair representation "is inferred from the union's exclusive authority under the National Labor Relations Act, 29 U.S.C. § 159(a), to represent all employees in a bargaining unit and 'to act fairly when dealing with an employer on behalf of a member.' ", Stevens v. Moore Business Forms, Inc., 18 F.3d 1443, 1447 (9th Cir.1994) (quoting Moore v. Local Union 569 of the Int'l Bhd. of Elec. Workers, 989 F.2d 1534, 1541 (9th Cir.1993)). A union is thus required to represent fairly the interests of members of the bargaining unit "during negotiation, administration, and enforcement of collective bargaining agreements." Eichelberger v. NLRB, 765 F.2d 851, 854 (9th Cir.1985)
 
 
 6
 Such conditions do not exist here. NAGE acted on its own behalf to remove its own official. See Bass v. International Bhd. of Boilermakers, 630 F.2d 1058, 1063 (5th Cir.1980) (finding that "union conduct that affects only an individual's relationship within the union structure is not circumscribed by" duty of fair representation). Although the employer revealed its suspicion of misconduct to NAGE, NAGE conducted its own investigation; Strickland provided no evidence that NAGE and the employer colluded.
 
 II. BREACH OF THE UNION CONSTITUTION
 
 7
 Strickland contends that NAGE invoked an improper provision of the NAGE Constitution to discipline him. We disagree.
 
 
 8
 The NAGE National president charged Strickland with misconduct and proposed his removal, following Article V, section 3(a) of the union constitution. When Strickland requested a hearing, he was permitted one before a hearing officer appointed by the National Executive Committee via Article V, sections 11(b) and 12. The officer recommended removal to the Executive Committee and the Executive Committee then removed him.
 
 
 9
 "[A]bsent bad faith or special circumstances, an interpretation of a union constitution by union officials, as well as interpretations of.the union's rules and regulations, should not be disturbed by the court." Motion Picture & Videotape Editors Guild v. International Sound Technicians, 800 F.2d 973, 975 (9th Cir.1986), amended 806 F.2d 1410. Strickland has provided no evidence of bad faith or special circumstances beyond unsubstantiated allegations of misconduct by NAGE officials.
 
 III. DEFAMATION
 
 10
 Strickland alleges that Harry Berman mailed a defamatory letter to NAGE's regional office, that Harry Breen mailed a defamatory letter to the local president, that Jeannine De Lozier slandered him via telephone, and that Louis Rogers and others slandered him to his employer. His claims fail.
 
 
 11
 The communications were that Strickland might be using his union office for personal gain. Strickland has produced no evidence that shows falsity or attacks the verity of these communications. Cal. Civ.Code §§ 45-46 (libel and slander require false publication), His claims cannot survive summary judgment, See e.g., Copp v. Paxton, 52 Cal.Rptr.2d 831, 839 (Cal. Ct.'App 1996) (granting summary judgment because defendant's statements about plaintiff's lack of qualifications were not false); Weller v. American Broadcasting Companies, 283 Cal.Rptr. 644, 656 (Cal.Ct.App.1991) (noting that plaintiff bears burden of showing defamatory statement to be substantially false).
 
 
 12
 Moreover, defendants showed that these were privileged internal union communications among parties interested in Strickland's possible misconduct, so were actionable only if made with malice. Cal. Civ.Code § 47(c); see Lundquist v. Reusser, 875 P.2d 1279, 1283-84 (Cal.1994) (holding that after common-interest privilege established, plaintiff needs to show malice); e.g.. Warren v. Herndon, 171 Cal.Rptr. 220 (Cal.Ct.App.1981) (holding that when during meeting new union officers accused former officers of stealing money, receiving questionable compensation and altering union records, these communications were privileged). He produced no evidence of such malice.
 
 
 13
 IV. MOTION TO AMEND PLEADINGS AND DISMISSAL OF CLAIMS
 
 
 14
 Responding to defendants' motion for summary judgment, Strickland alleged violations of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411 (free speech and hearing requirements), Federal Service Labor-Management Relations Act, 5 U.S.C. § 7116 (unfair labor practices), and the United States Constitution. The court construed this as a motion to amend his pleadings and denied the motion because at this late date an amendment would have been prejudicial to defendants.
 
 
 15
 The court did not abuse its discretion. Discovery was complete; permitting amendment would have unduly delayed the proceedings and would have resulted in prejudice. Moreover, Strickland provided no legal or evidentiary support to convince the court that the new claims would have been anything other than futile. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990).
 
 
 16
 Strickland also refers periodically to "fraud" and "negligence." He suggests no basis for fraud or negligence claims. The court's dismissal of these claims was proper.
 
 V. EVIDENCE NOT IN THE RECORD ON APPEAL
 
 17
 Throughout his brief, Strickland refers to material that he submitted to the district court after his notice of appeal. We decline to consider it. See Kirshner v. Uniden Corp. of America, 842 F.2d 1074, 1077 (9th Cir.1988) ("Papers submitted to the district court after the ruling that is challenged on appeal should be stricken from the record on appeal.").
 
 
 18
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3