James Troy WALKER, Plaintiff–Appellant,

and

Keith Pennewell, Plaintiff,

v.

**INLAND BOATMAN'S UNION OF the PACIFIC MARINE DIVISION OF the I.L.W.U.,** Defendant–Appellee,

and

**Blue and Gold Fleet; Blue and Gold Fleet L.P.; Carolyn Horgan,** Real Parties in Interest–Appellees.

No. 99–17048.

D.C. No. CV–97–04126–MMC.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 15, 2001.*

Decided Feb. 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

A union breaches its duty of fair representation under the National Labor Relations Act, 29 U.S.C. § 159(a), "when its conduct is arbitrary, discriminatory or in bad faith." *Stevens v. Moore Business Forms, Inc.*, 18 F.3d 1443, 1447 (9th Cir. 1994). Walker conceded in his opposition to summary judgment that the language of the two-day probationary period set forth in the Deckhand Agreement was "so clear" that any grievance based on his discharge would have been "wholly and clearly futile from the outset." Accordingly, IBU did not act arbitrarily in failing to argue that the two-shift rule did not apply to him. *See id.* Similarly, IBU provided a rational explanation for its decision not to inform union members that Blue and Gold Fleet did not intend to hire them, and Walker failed to offer evidence that this decision showed "an egregious disregard" for his rights. *Id.* at 1448 (citation omitted).

Walker did not raise a genuine issue as to whether IBU acted in bad faith or with discriminatory purpose based on testimony that one of two similarly situated employees was rehired while Walker was not. This testimony is not "substantial evidence of fraud, deceitful action, or dishonest conduct," particularly in light of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

competent evidence that IBU made equal efforts on behalf of all three employees, and that Walker had a poor employment record. *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d 999, 1006 (9th Cir.1990) (citation omitted). Accordingly, the district court did not err in granting summary judgment on Walker's claim for breach of the duty of fair representation.

■ Walker did not establish a *prima facie* case of discrimination under 42 U.S.C. § 1981. He presents evidence insufficient to demonstrate either that he was performing his job well enough to rule out the possibility that he was not rehired due to inadequate job performance or that someone with similar qualifications was rehired. *See Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 672 (9th Cir.1988). Moreover, IBU's failure to warn Walker that Blue and Gold Fleet did not intend to hire him does not give rise to an inference of intentional discrimination in light of uncontested evidence that IBU did not warn the other implicated employees, neither of whom was a member of a protected class.

■ Walker's testimony that a representative of IBU referred to him as "you people" after he filed this action is also insufficient to state a *prima facie* case of unlawful discrimination because it is ambiguous and not directly tied to Walker's termination. *See Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993). Accordingly, the district court did not err in granting summary judgment on Walker's § 1981 claim.

AFFIRMED.