**Rudolph COLE, Plaintiff—Appellant,**

v.

**TEAMSTER LOCAL 70, Defendant—Appellee.**

No. 05–16023.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.[*]

Filed June 20, 2006.

Rudolph Cole, Hayward, CA, pro se.

Duane B. Beeson, Esq., Lisa W. Pau, Esq., Beeson Tayer & Bodine, PC, Oakland, CA, for Defendant–Appellee.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM [**]

Rudolph Cole appeals pro se from the district court's summary judgment in favor of Teamster Local 70 ("Union"), in Cole's Labor Management Relations Act, 29 U.S.C. § 185(a) action alleging that the Union violated its duty of fair representation in processing the grievance protesting his termination from United Parcel Service ("UPS"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Jesinger v. Nevada Fed. Credit Union,* 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.

The district court properly concluded that Cole's claims regarding the Union's failure to file the additional grievances Cole presented to the Union in March and April 2003, and the Union's failure to inform Cole of the cancellation of a July 2003 hearing in Seattle, were barred by the statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 172, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) (the statute of limitations in duty of fair representation cases is six months); *Galindo v. Stoody,* 793 F.2d 1502, 1509 (9th Cir.1986) (the statute begins to accrue when a claimant discovered or should have discovered the acts constituting the alleged breach).

The district court properly concluded that the Union did not breach its duty of fair representation to Cole at his termination grievance hearing with respect to its handling of evidentiary matters or failure to provide Cole with audio tapes because Cole failed to present evidence that

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

the Union acted in bad faith or with a discriminatory intent. *See Peterson v. Kennedy,* 771 F.2d 1244, 1254 (9th Cir. 1985).

The district court properly concluded that the Union did not breach its duty of fair representation in failing to secure certain UPS investigation reports, because the evidence shows the Union attempted to secure reports upon Cole's request, but Cole only vaguely identified the reports he wanted to submit to the termination grievance hearing. *See Stevens v. Moore Business Forms, Inc.,* 18 F.3d 1443, 1447 (9th Cir.1994) (there is no breach of the duty of fair representation as long as the union does not act in an arbitrary, discriminatory, or bad faith manner toward a member).

Cole's remaining contentions are without merit.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.