**Suzanne CAREY, Plaintiff–Appellant,**

v.

**LOCAL 612 INTERNATIONAL UNION OF OPERATING ENGINEERS; Office and Professional Employees International Union, Local 23, Defendants–Appellees.**

No. 05–35692.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2006 *.

Filed Nov. 22, 2006.

Suzanne Carey, Tacoma, WA, pro se.

David Charles Campbell, Esq., Terrance M. Costello, Esq., Schwerin Campbell & Barnard, LLP, Seattle, WA, David Condon, Esq., Welch and Condon, Tacoma, WA, for Defendants–Appellees.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

MEMORANDUM **

Suzanne Carey appeals pro se the dismissal of her action against her former employer and her labor union, alleging violations of the Americans with Disabilities Act (ADA), violations of the collective bargaining agreement, and breach of her union's duty of fair representation. We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

## DISCUSSION

■ The ADA bars employment discrimination "against a qualified individual with a disability...." 42 U.S.C. § 12112(a). The Act does not apply, however, to every employer. Rather, the ADA, "like other federal antidiscrimination legislation, is inapplicable to very small businesses." *See Clackamas Gastroenterology Assocs. v. Wells,* 538 U.S. 440, 441, 123 S.Ct. 1673, 155 L.Ed.2d 615 (2003) (footnote omitted). As the Supreme Court noted, "[u]nder the ADA an 'employer' is not covered unless its work force includes '15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.'" *Id.* at 441–42, 123 S.Ct. 1673 (quoting 42 U.S.C. § 12111(5)). Here, Carey did not allege or otherwise assert that her employer had 15 or more employees. Accordingly, we affirm the dismissal of Carey's ADA claims.

■ Carey also claimed that her discharge violated the collective bargaining agreement and that her union breached its duty of fair representation. These claims are inextricably interdependent and required Carey to allege that her "union and the employer have both breached their respective duties." *Bliesner v. Communication Workers of Am.,* 464 F.3d 910, 913 (9th Cir.2006). Carey failed in this burden because her allegations do not demonstrate that her union's conduct was "arbitrary, discriminatory, or in bad faith." *See Vaca v. Sipes,* 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Rather, Carey acknowledged in her pleadings that the union investigated her claims, concluded they were not meritorious, and then declined to process her grievances to arbitra-

tion. In such circumstances, there is no breach of the duty of fair representation. *See Stevens v. Moore Business Forms, Inc.,* 18 F.3d 1443, 1447–48 (9th Cir.1994). We agree with the district court that Carey's proffered, amended complaints do not cure the deficiencies and thus we conclude that her action was properly dismissed.

**AFFIRMED.**\*\*\*

---

\*\*\* In light of our decision, Carey's "Motion to Either Proceed or Withdraw" her appeal is denied as moot.

